■ In the Matter of BERNARDINA GONZALEZ, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review, as limited by petitioner's brief, so much of a determination of the respondent Department of Social Services of the State of New York, dated November 30, 1972, as, after a statutory fair hearing, affirmed a determination of the respondent Department of Social Services of the City of New York to reduce a grant to petitioner of "aid to dependent children", in order to recoup an overpayment caused by petitioner's receipt of Social Security income, after crediting her with the amount due her because of a prior underpayment. Petition granted to the extent that the determination of the respondent State Commissioner is modified, on the law, by annulling that portion of the determination which affirmed the local agency's determination to recoup an amount equal to the sum of $772.80 received by petitioner as Social Security benefits. As so modified, determination confirmed, without costs. Petitioner is the recipient of a grant of aid to dependent children for herself and her four children. Her husband died in June, 1972 and, upon the instruction of the respondent local agency, she applied for Federal Social Security survivors' benefits. For the four months of June through September, the local agency paid petitioner $184 a month. At the fair hearing, the local agency's representative admitted there had been an underpayment totaling $151.75 for the four-month period. For October, the payment was increased to $220.80. On September 8, 1972 petitioner received a lump sum Social Security check of $552 for retroactive benefits for her children. She testified at the hearing, without contradiction, that she spent this sum within a few days to purchase clothing for the children because school was opening and to pay her debts, including funeral expenses. On October 3, 1972, she received the first monthly Social Security check, dated October 4, in the amount of $220.80, an amount which by coincidence was identical with the amount of the Social Services check. The following day, she reported receipt of both Social Security checks to the respondent local agency. The agency determined to reduce petitioner's grant in November to reflect the receipt of Social Security income and to recoup $772.80, the sum of the two Social Security payments, by first crediting petitioner with the underpayment of $151.75, leaving a net of $621.05, and then deducting $44.30 in 14 "issues" of petitioner's grant. The respondent State Commissioner argues that petitioner, in accepting the Social Services grants made for September 16, October 1, October 16 and November 1, 1972, received an overpayment to which she was not entitled and which it seeks to recoup. Petitioner *inter alia* contends that recoupment of retroactive benefits is barred by the Social Security Act (U. S. Code, tit. 42, § 407; *Philpott* v. *Essex County Welfare Bd.*, 409 U. S. 413) and that, absent concealment, recoupment of an overpayment of Social Services benefits is authorized only if a recipient has excess resources available (18 NYCRR 352.31 [d]). Although not considered by the parties, the law is clear that, absent an indication in the record of a change in their needs, payments to eligible children may not be reduced for the purpose of recouping excess grants (*Matter of Payne* v. *Sugarman*, 39 A D 2d 720, affd. 31 N Y 2d 845;

*Matter of Smith* v. *Lavine,* 45 A D 2d 712; *Matter of Ryan* v. *New York State Dept. of Social Servs.,* 40 A D 2d 867; *Norton* v. *Lavine,* 74 Misc 2d 590, 598). There was no determination here of a change in the needs of the children in question. In the view we take of this case, we do not reach the issue of whether recoupment of excess payments of Social Services grants is available where' the overpayment is due to the receipt of Social Security .benefits. We note, however, that the amount sought in recoupment is the amount received as Social Security benefits and the record is bare with respect to the amount of the four semi-monthly alleged overpayments. It would appear, however, that the over-payment exceeds the underpayment of $151.75. Petitioner therefore is not entitled to retroactive payment. Latham, Acting P. J., Shapiro, Cohalan, Brennan and Benjamin, JJ., concur.