■ In the Matter of EVA HARMON, Infant, Respondent v. ARTHUR NENNI, as Commissioner of the Orleans County Department of Social Services, Appellant.— Judgment unanimously reversed, without costs, and matter remitted to the Commissioner of Orleans County Department of Social Services for further proceedings, and without prejudice to further proceedings by petitioners, all in accordance with the following memorandum: Without considering the merits of the alleged needs of the four petitioners herein, for furniture (including beds and kitchen equipment) for their several unfurnished or partly unfurnished apartments, under section 131-a (subd. 6, par. [b]) of the Social Services Law and regulations 18 NYCRR 352.7 (a) and for emergency assistance for three of them under section 350-j of the Social Services Law and regulations 18 NYCRR 372.2 (a) (3), respondent Commissioner of Social Services for the County of Orleans denied the applications. In this article 78 proceeding respondent admits that he denied the applications and asserts that he did so because his administrative superior, the Commissioner of Social Services of the State of New York, mandated such denial on the ground that the needs did not arise from fire, flood or other like catastrophe or come specifically within the four circumstances set forth in regulation 18 NYCRR 352.7 (a) (2). We have held that the statute and regulations may not be so narrowly and restrictively interpreted (*Harris* v. *Lavine,* 43 A D 2d 894). Special Term so held in the judgment from which respondent appeals. We reverse solely on the jurisdictional ground of the

failure of petitioners to exhaust their administrative remedies by appealing to the Commissioner of Social Services of the State of New York from respondent's determinations against them. Very likely the ruling by that Commissioner, under which respondent alleges that he was acting, was made before our decision in *Harris* (supra). Orderly functioning of the Social Services Department requires that the administrative remedies be exhausted before resort to the courts. Thus, respondent will not be placed in the position of being ordered by the court to do something which his superior administrative officer has directed him not to do. Within 30 days after service upon petitioners of the order to be entered herein, petitioners may appeal to the Commissioner of Social Services of the State of New York from respondent's determinations and his alleged failures to notify them as required by the regulations (18 NYCRR 355.3, 358.3, 358.4) of his determinations on their application and their right to a fair hearing thereon. Since some of the petitioners allege that they have emergency needs, pending such appeals respondent shall promptly consider their applications, and if he finds that they or any of them have such emergency needs, he shall give them such immediate assistance as is required by law and the regulations (Social Services Law, § 350-j; 18 NYCRR 372.2 [a] [3]; *Matter of Borders* v. *Nassau County Dept. of Social Services*, 34 A D 2d 805; *Matter of Veit* v. *Barbaro*, 59 Misc 2d 117, 119; and see *Young* v. *Shuart*, 39 A D 2d 724, 725; *Matter of Arnold* v. *Dumpson*, 78 Misc 2d 703, 708–709; cf. *Caldwell* v. *Lavine*, 78 Misc 2d 657, 661). (Appeal from judgment of Orleans Special Term in article 78 proceeding to obtain furniture allowances.) Present.— Marsh, P. J., Witmer, Moule, Simons and Del Vecchio, JJ.