In the Matter of MARIA BROWN, on Behalf of Herself and All Other Persons Similarly Situated, Respondent, v ABE LAVINE, as Commissioner of New York State Department of Social Services, et al., Appellants.

Third Department, July 24, 1975

*Louis J. Lefkowitz, Attorney-General (Alan W. Rubenstein, Jean M. Coon* and *Ruth Kessler Toch* of counsel), for Abe Lavine, appellant.

*Robert P. Roche, County Attorney (Joseph F. Kehoe* and *Philip R. Murray* of counsel), for John Fahey, appellant.

*Margaret Mahoney* for respondent.

MAIN, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered September 9, 1974 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Commissioner of Social Services which denied, after a fair hearing, petitioner's request for replacement in full of cash representing a portion of her public assistance grant that had been stolen.

As a recipient of aid under the State's former program of Aid to the Aged, Blind and Disabled (repealed by L 1974, ch 1080), petitioner received and cashed her monthly assistance check for $94 in June of 1973. Shortly thereafter, she was robbed of $76 of the proceeds of her check, and she reported the incident to the police and applied to the Albany County Department of Social Services (Department) for full replacement of her loss. In response, the Department, relying on subdivision (d) (at that time subdivision [c]) of 18 NYCRR 352.2, issued her a food voucher for $31, but refused to replace

in full the stolen money. At petitioner's request, a fair hearing was then held on this matter after which the State commissioner affirmed, in a decision, the Department's action insofar as the issuance of the voucher, but declared that the Department could not recoup the $31 from petitioner pursuant to subdivision (e) of 18 NYCRR 352.29.

Subsequently, petitioner commenced the present proceeding to challenge the State commissioner's determination, and Special Term ultimately ruled: that petitioner must be reimbursed in the amount of $45 in addition to the food voucher; that subdivision (d) of 18 NYCRR 352.2 was void; that a policy of mandatory replacement of lost cash was to be instituted by the State commissioner, and that the proceeding was properly maintained as a class action. This appeal ensued.

Seeking a reversal of the judgment below, the appellant commissioners first contend that it was error for Special Term to declare subdivision (d) of 18 NYCRR 352.2 void, and we agree. That regulation merely provides the Department with discretionary power so that it "may" make a special allowance or grant "to duplicate a grant already made because the cash has been lost or stolen", and nothing in either the statutes or regulations requires said replacement to be automatic and total as demanded by petitioner. Clearly, the requirement of section 131-a of the Social Services Law that monthly grants and allowances be made to needy persons was fulfilled here by the issuance of the check for $94.

Likewise, subdivision (d) of 18 NYCRR 352.2 does not deny recipients of public assistance the equal protection of the laws even though, in contrast, subdivision (g) of 18 NYCRR 352.7 expressly provides for the full replacement of a grant when the check therefor is lost or stolen. "Equal protection does not require that all persons be dealt with identically" (*Baxstrom v Herold,* 383 US 107, 111), and the State's understandably great fiscal concern with lost or stolen cash upon which, unlike a check, payment cannot be stopped provides ample justification and a rational basis for the diverse procedures embodied in these regulations (cf. *Jefferson v Hackney,* 406 US 535). In any event, petitioner has failed to carry her burden of demonstrating how, pursuant to a proper exercise of departmental discretion, her needs would not be as well met as those of one who has lost or had stolen his assistance check.

Such being the case, we find on the authority of *Domine v*

*Schreck* (37 NY2d 42) that Special Term's grant of class action status was unnecessary because we are concerned with governmental operations in this case and subsequent petitioners will receive adequate protection under the principles of *stare decisis* (see, also, *Matter of Rivera v Trimarco,* 36 NY2d 747).

As to the $31 food voucher, however, we agree that it was insufficient and that the Department must fully replace the funds stolen from petitioner. Those on welfare receive at best minimal benefits supplying unmet subsistence needs (see *Lascaris v Wyman,* 31 NY2d 386) and, accordingly, when a recipient is deprived of the proceeds of his assistance check, it follows that he is thereby rendered destitute absent alternative means of support, assistance from a collateral source, or other mitigating circumstances. An examination of the record in this case reveals that the Department was totally unable either to demonstrate the adequacy of the food voucher or to establish the existence of such mitigating circumstances. Therefore, its issuance to petitioner of only the voucher was arbitrary and capricious under the existing circumstances *(Domine v Schreck, supra).*

Appellants' remaining arguments that the proceeding is barred on the bases of *res judicata* and collateral estoppel are totally without merit. In July of 1973, petitioner admittedly commenced an article 78 proceeding which ended in a dismissal when the parties entered into a stipulation. However, that proceeding did not arise out of the same factual situation that we have here and it was brought pursuant to different regulations and under different legal theories.

The judgment should be modified, on the law and the facts, without costs, by reversing the grant of class action status, by reversing the declaration that subdivision (d) of 18 NYCRR 352.2 is void, and by reversing the order that the State commissioner institute a policy of mandatory replacement in full of all lost or stolen cash, and, as so modified, affirmed.

HERLIHY, P. J. (concurring). The recent case of *Domine v Schreck* (37 NY2d 42) dealt with the specific provisions of section 350-j of the Social Services Law and is not directly applicable to this present proceeding. However, the language therein as applicable to the general duty of county officials to prevent destitution appears to indirectly support the majority interpretation of subdivision 1 of section 131 of the Social Services Law as an obligation to replace stolen funds in full

unless there are mitigating circumstances. Accordingly, I concur herein because of *Domine v Schreck (supra).*

GREENBLOTT, SWEENEY and REYNOLDS, JJ., concur with MAIN, J.; HERLIHY, P. J., concurs in a separate opinion.

Judgment modified, on the law and the facts, without costs, by reversing the grant of class action status, by reversing the declaration that subdivision (d) of 18 NYCRR 352.2 is void, and by reversing the order that the State commissioner institute a policy of mandatory replacement in full of all lost or stolen cash, and, as so modified, affirmed.