■    In the Matter of KAREN BURKE, Petitioner, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review two determinations of the respondent Commissioner of the New York State Department of Social Services, dated October 4, 1974 and November 8, 1974, made after statutory fair hearings, which affirmed two determinations of the respondent Commissioner of the Nassau County Department of Social Services, which respectively determined (1) that petitioner was not entitled to the replacement of her public assistance check, the proceeds of which had been stolen from her, and (2) that the amount of a replacement grant advanced to petitioner to pay arrears in her rent could be recouped from her. Determinations annulled, on the law, without costs, and petitioner's application for replacement of the proceeds of the stolen check is granted; the replacement is to be made by the Nassau County Department of Social Services, subject to that Department's right to offset the moneys already advanced to her for payment of the rent arrears. Petitioner, a recipient of public assistance in the aid to families with dependent children (AFDC) category of assistance, cashed her September, 1974 check and then claimed that the cash proceeds thereof had been stolen. She immediately reported the theft to the police. Although the Nassau County Department of Social Services refused to issue a replacement check, in order to prevent petitioner's eviction it issued a check in the amount of $300 to her to cover her September rent, but did so only after petitioner agreed to a recoupment of

the money over a six-month period. Petitioner asserts that she has a right to have the stolen cash replaced pursuant to section 350-j of the Social Services Law or, in the alternative, pursuant to 18 NYCRR 352.2(d). She also claims that a recoupment of the rent money would be improper. Respondents contend that section 350-j of the Social Services Law is inapplicable and that 18 NYCRR 352.2(d) permits the exercise of discretion in determining whether stolen cash should be replaced. Each respondent also contends that, if petitioner is successful, the other is responsible for the replacement of the missing funds. Petitioner is not entitled to emergency funds pursuant to section 350-j of the Social Services Law. She had received emergency aid nine months earlier pursuant to that statute, which permits relief thereunder only "for a period not in excess of thirty days in any twelve month period" (Social Services Law, § 350-j, subd 2). Petitioner, having invoked the benefit of the statute nine months earlier, cannot, under its clear language, invoke it again until 12 months have expired. Petitioner is, however, entitled to recover the stolen cash pursuant to 18 NYCRR 352.2(d). When cash is stolen from a recipient of public assistance under the AFDC program, it can be assumed that the recipient is thereby rendered destitute. Absent a showing of an alternative means of support, assistance from a collateral source, or other mitigating circumstances, it would be arbitrary to refuse to replace the stolen cash (*Matter of Brown v Lavine*, 49 AD2d 49). No special circumstances were shown here; the destitute appellant is therefore entitled to invoke the benefits of the above-mentioned regulation. Pursuant to this disposition, a recoupment of the $300 advanced to avoid petitioner's eviction would be improper. Petitioner was entitled to replacement of the entire assistance check pursuant to 18 NYCRR 352.2(d). The county alone is responsible for the replacement of the funds, as is clearly indicated by subdivision 8 of section 153 of the Social Services Law. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Shapiro, JJ., concur.