■ In the Matter of Joan Dunn, Individually and on Behalf of Her Minor Dependent Child and on Behalf of Josephine Kuhl and All Others Similarly Situated, Respondent, v Charles Bates, as Commissioner of the Westchester County Department of Social Services, Appellant and Stephen Berger, as Commissioner of the Department of Social Services of the State of New York, Respondent.—In a proceeding pursuant to CPLR article 78 *inter alia* to require restoration of petitioner's full grant of public assistance, the Commissioner of the Westchester County Department of Social Services appeals from a judgment of the Supreme Court, Westchester County, entered May 20, 1975, which, *inter alia,* (1) granted the respondent State Commissioner's cross motion to dismiss the petition as against him, (2) held the proceeding to be a proper class action, (3) ordered the repayment of $498, which amount had allegedly been wrongfully "recouped" from petitioner's public assistance payments, (4) directed the respondent county commissioner to provide petitioner with financial assistance pursuant to 18 NYCRR 352.7 (g) (7) to prevent her imminent eviction and (5) enjoined the enforcement of the recoupment provision of the above-cited regulation until an administrative procedure is established which insures that recoupments made thereunder "will not result in destitution, hardship, or injustice or otherwise impair the petitioners' or their children's ability to meet their basic needs". Judgment modified, on the law, by (1) deleting therefrom the first four decretal paragraphs and substituting therefor provisions (a) that the respondent State Commissioner's cross motion is denied, (b) that the proceeding may not be maintained as a class action, (c) that petitioner's cause of action for the recoupment of alleged underpayments in her public assistance benefits is dismissed and (d) directing the respondent county commissioner to provide petitioner with emergency assistance pursuant to section 350-j of the Social Services Law and (2) deleting from the fifth decretal paragraph thereof the words "and the class she represents". As so modified, judgment affirmed, without costs. Petitioner, a recipient of public assistance in the Aid to Dependent Children (ADC) category, applied to the Westchester County Department of Social Services for financial assistance pursuant to section 350-j of the Social Services Law (which provides for emergency assistance to needy families with children in order to avoid destitution) and 18 NYCRR 352.7 (g) (7) (which provides for advance rent allowances to prevent eviction) to forestall her eviction for the nonpayment of rent. The record indicates that, despite the fact that she had already been issued her normal assistance grant (which included a shelter allowance), petitioner had nevertheless fallen behind in her rent payments, due partly at least to the fact that her assistance was subject to reduction in the amount of $58 per month to recover prior advances. No bad faith diversion has been alleged. Faced with this situation, the county commissioner denied her application on the grounds that (1) relief pursuant to section 350-j of the Social Services Law was barred by 18 NYCRR 372.2 (c) (which provides that emergency assistance is to be denied where destitution results from "loss, theft, or diversion of a grant already made") and (2) the schedule of recoupments mandated by 18 NYCRR 352.7 (g) (7) would reduce petitioner's current assistance to $4 per month. Relief pursuant to 18 NYCRR 352.7 (g) (7) is presently conditioned upon execution of an agreement permitting the Department of Social Services to recoup the advance from current assistance over the next six-month period. In light of the denial of her application, petitioner commenced the instant proceeding seeking *inter alia,* (1) a

grant of "emergency assistance" pursuant to section 350-j of the Social Services Law, (2) a declaration of the invalidity of the six-month recoupment provision contained in 18 NYCRR 352.7 (g) (7) and (3) return of the $498 "recouped" from her public assistance benefits during the preceding year. No fair hearing was requested or held. Insofar as the question of recoupment is concerned, we are of the opinion that 18 NYCRR 352.7 (g) (7) is invalid as written in that it fails to limit recoupment so as to avoid "undue hardship". Such a provision is at variance with both Federal and State guidelines for the recovery of overpayments of public assistance (45 CFR 233.20[a][12][i][A]; 45 CFR 233.20[f]; 18 NYCRR 352.31 [d]; see *Wilson v Lavine,* 47 AD2d 964; *Griffith v Wyman,* 39 AD2d 874; *Matter of Nasser v Lavine,* 76 Misc 2d 46; *National Welfare Rights Organization v Weinberger,* 377 F Supp 861) and violates the letter and spirit of the ADC program by punishing children financially for their parents' misdeeds (see *Hagans v Wyman,* EDNY, No. 72 C 182; cf. *Matter of Gonzalez v Lavine,* 46 AD2d 675; *Matter of Payne v Sugarman,* 39 AD2d 720, affd 31 NY2d 845). The petition was improperly dismissed as against the State Commissioner as the validity of one of his regulations was clearly in issue (see CPLR 1001, subd [a]; *Matter of Baumes v Lavine,* 74 Misc 2d 1046, revd on other grounds 44 AD2d 336; cf. *Cadman Memorial Cong. Soc. of Brooklyn v Kenyon,* 279 App Div 1015, 1016, mod 279 App Div 1074, affd 306 NY 151; *Gilligan v Cunningham,* 273 App Div 1046). This proceeding may not properly be maintained as a class action (see *Matter of Jones v Berman,* 37 NY2d 42; *Matter of Rivera v Trimarco,* 36 NY2d 747). Finally, it is our opinion that, owing to the invalidity of the sole ground relied on to sustain the denial of "emergency assistance" (18 NYCRR 372.2 [c]), petitioner is entitled to such assistance (see *Matter of Jones v Berman, supra,* p 51; *Matter of Bryant v Lavine,* 49 AD2d 673; cf. *Matter of Burke v Lavine,* 50 AD2d 559), but that the directive mandating refund of the $498 was jurisdictionally defective by reason of petitioner's failure to exhaust her administrative remedies (see, e.g., *Matter of Bryant v Lavine, supra; Matter of Harmon v Nenni,* 46 AD2d 993; cf. *Matter of Borders v Nassau County Dept. of Soc. Servs.,* 34 AD2d 805; *Matter of Lawson v Shuart,* 67 Misc 2d 98). Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.