■ In the Matter of EXIO REYES, Appellant, v JAMES R. DUMPSON, as Commissioner of the New York City Department of Social Services, et al., Respondents.—Judgment, Supreme Court, Bronx County, entered September 23, 1975, denying petition seeking reversal of a decision after fair hearing by respondent Lavine, unanimously reversed, on the law, without costs and without disbursements, and the petition granted to the extent of (1) declaring that 18 NYCRR 352.7 (g) (7) is invalid insofar as it fails to place the same limitations on recoupments as are found in 18 NYCRR 352.31 (d) (4), and (2) remanding the matter to the New York State Department of Social Services to process the claims accordingly. The regulations of the Department of Social Services provide that a recipient may receive an advance allowance for rent to prevent an eviction, but that under such circumstances, the client must agree "that his grant be reduced in equal amounts over the next six months to repay the amount of the advance allowance." (18 NYCRR 352.7 [g] [7].) The regulations also stipulate that where overpayment to a client is caused by the willful withholding of information concerning income, recoupment shall be made irrespective of current income (18 NYCRR 352.31 [d] [2]) and "The proportion of current assistance grant that may be deducted for recoupment purposes shall be limited on a case-by-case basis so as not to cause undue hardship, and in no case shall exceed 10 percent of household needs * * * except where two or more recoupments are made simultaneously for different reasons or arising from different circumstances, the total reduction in the assistance grant shall not exceed

15 percent of the household's needs." (18 NYCRR 352.31 [d] [4].) It is noted that Federal law provides that "the proportion of recoupment from overpayments from current assistance grants shall be limited 'so not as to cause undue hardship [on] recipients.'" (45 CFR 233.20 [f].) Petitioner failed to disclose the receipt of unemployment insurance benefits totaling $1,426. He also failed to apply any part of his grant to the payment of rent, causing arrears in the sum of $520.50 as a result of which landlord procured an order of eviction. Petitioner then obtained an advance allowance in the same amount from respondent to pay the rent arrears so as to prevent eviction. Thereafter, petitioner received two notices from respondent, proposing to reduce his biweekly grant by $39.60 in order to recoup the overpayment caused by petitioner's concealment of information concerning his unemployment insurance income and $43.37 in order to recoup the advance allowance for rent. As a result of these recoupments, petitioner's grant was reduced to $78.85 biweekly, whereas the State-wide semimonthly allowance for a family of three with a monthly rental of $130 ordinarily would be $165. Petitioner thereupon requested a fair hearing to contest the amount of recoupment demanded. After the hearing respondent decided that recovery of overpayments from petitioner for income concealment must be limited to 10% of household needs, namely $16.50 biweekly. However, there was no reduction in the amount of the advance allowance repayment, based upon respondent's decision that such recoupment must be accomplished within six months and was not subject to a percentage limitation. As a result of respondent's determination, petitioner's biweekly assistance grant was modified to approximately $100. Petitioner subsequently commenced the instant article 78 proceeding to challenge respondent's ruling, claiming that it had caused "undue hardship." Special Term dismissed the petition, concluding that respondent's regulations had a rational basis. Petitioner appeals. It is apparent that a greater burden for repayment has been placed upon petitioner by virtue of his failure to apply his grant to rent than for his failure to report other income received and that the total amount of recoupment is in excess of 15% of the "household needs." Our State regulations regarding recoupment thus distinguish between situations where the recipient willfully withholds income information and those where the recipient needs advance payments to avoid eviction. Yet the grounds for recoupment in both instances are the same, to wit, that the recipient is in possession of more funds than ordinarily would be provided. There appears to be no rational basis for placing percentage limitations upon the amount of money that might be recouped from a recipient guilty of fraudulently withholding information as to other income without placing similar limitations upon recoupment from a person who simply mismanaged funds. Hence, respondent's regulations pertaining to repayment of an advance allowance (18 NYCRR 352.7 [g] [7]) are invalid as arbitrary. Repayment of an advance allowance should not be accorded harsher treatment than recoupment of overpayments made to a client because of fraud, and therefore recovery in the case at bar should be limited to 15% of petitioner's current assistance grant (accord *Matter of Dunn v Bates,* 50 AD2d 561). Accordingly, the judgment entered below should be reversed and petition granted to the extent set forth herein above. Concur—Murphy, J. P., Lupiano, Birns, Silverman and Lane, JJ.