■ In the Matter of RICHARD CARRINGTON, Petitioner, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents. (Proceeding No. 1.) In the Matter of RICHARD CARRINGTON, Petitioner, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents. (Proceeding No. 2.)— Proceedings pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Broome County) to review determinations of the Department of Social Services which denied petitioner's applications for food stamps and for medical assistance. Petitioner, a 46-year-old man suffering for the past 20 years from the progressive effects of multiple sclerosis, first applied for medical assistance in 1966 after the disease rendered him unable to work. At that time he and his wife were joint owners of three income producing properties and he also owned certain personal property. Rental income from the three properties totaled $9,000 per year. Petitioner's 1966 application was denied because of excess assets. In 1974, petitioner, after consulting his lawyer, transferred his entire interest in the three income producing properties to his wife and children. He also transferred his interest in certain personal property (stocks, cash and bonds) to his wife. At this time he also discussed with his lawyer plans for a divorce from his wife. His wife worked a full-time day job and received a yearly salary of about $6,000. Petitioner received $264 a month in Social Security benefits. He turned $200 a month over to his ex-wife for child support and the remainder was allocated for his medical insurance payments and living expenses. In November, 1975, after his divorce became final, he reapplied for medical assistance. This application was denied because of excess assets. His bills for drugs thereafter increased and in March, 1976, he again applied for medical assistance. On this occasion he was denied aid due to excess income and because of the transfer of property made in order to qualify for medical assistance. He, thereafter, sought and was granted a fair hearing. As a result of the hearing held on June 3, 1976, the denial of medical assistance was affirmed. Petitioner applied for food stamps on September 1, 1976. His application was denied on the grounds that he was a member of an economic unit and that, therefore, eligibility must be determined on a household basis. This placed him above the eligibility levels for food stamp assistance. He then requested and received a fair hearing on the food stamp determination on November 23, 1976. The commissioner affirmed the denial of his food stamp application. These court proceedings followed. In the first proceeding, petitioner contends that he was erroneously denied his application for food stamps since he is a separate economic and household unit apart from his ex-wife and children. We

disagree. Eligibility for, and participation in the food stamp program is on a household basis (18 NYCRR 435.2 [now see 18 NYCRR 387.1]). In no case shall individuals who purchase and prepare food together be allowed to apply as separate households (18 NYCRR 435.4 [a] [2]). The evidence shows that there was only one kitchen in the apartment. All food is kept in the same refrigerator and cupboard. Although a health aide comes in and prepares his breakfast and lunch on weekdays when he is at home alone, on weekends and in the evenings, his ex-wife prepares his meals. She pays all utility bills and household expenses for the apartment in which they all reside. The record contains a rational basis for the findings of fact supporting the commissioner's determination. The decision denying the food stamp application is supported by substantial evidence and must be confirmed *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 182; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). In the second proceeding brought on for our review, petitioner argues that the commissioner's determination that he conveyed real and personal property to secure eligibility for medical assistance is not supported by substantial evidence. We disagree. Section 366 (subd 1, par [e]) of the Social Services Law, in pertinent part, provided: "1. Medical assistance shall be given under this title to a person who requires such assistance and who * * * (e) has not made a voluntary assignment or transfer of property for the purpose of qualifying for such assistance. A transfer of property made within one year of the date of application shall be presumed to have been made for the purpose of qualifying for such assistance." There is no question that the instant conveyance was made more than one year prior to the date of petitioner's application for medical assistance and, therefore, the statutory presumption has no application to the instant case. However, concerning the question of substantial evidence, if the record contains a rational basis for the findings of fact supporting the commissioner's decision, then we must confirm *(300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra; Matter of Pell v Board of Educ., supra).* The burden of proof in welfare eligibility cases is upon the applicant *(Lavine v Milne,* 424 US 577). Here, the commissioner determined that the conveyance of the property in question was not a "normal transaction". The record reveals that there was no monetary consideration given petitioner for the transfer of his interest in certain real and personal property. Petitioner handed over to his ex-wife his entire Social Security check for child support, medical insurance and living expenses. Petitioner had been advised in 1966 that at such time as his assets decreased to the allowable amount, he may make another application for medical assistance. Thereafter, in August, 1974, he consulted his attorney and then conveyed his interest in the income producing property to his wife; secured a divorce and then reapplied for medical assistance purposely waiting until the presumption period expired. Petitioner's divorce operated to free his ex-wife, with whom he still resided, of any financial responsibility for his support. On these facts, we may not say that it was unreasonable for the Commissioner of Social Services to conclude that petitioner made the transfer of his property to his wife and to their children for the purpose of qualifying for benefits. The decision of the commissioner denying petitioner's application for medical assistance is supported by substantial evidence independent of the statutory presumption and we must confirm *(Matter of Clement v Lavine,* 50 AD2d 63; *Matter of Arlasky v Dimitri,* 38 AD2d 665). Determinations confirmed, and petitions dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.