■ In the Matter of JAMES ALBEA, Petitioner, v JOHN FAHEY, as Commissioner of the Albany County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent State Commissioner of Social Services which sustained a determination of the Albany County

Department of Social Services. In June of 1978, petitioner, age 19, was receiving an individual grant of public assistance in the category of home relief from the Albany County Department of Social Services (department) when, in accordance with its statutory responsibility under section 131 of the Social Services Law, the department obtained employment for him at Joe's Caterers, a restaurant in the City of Albany. Petitioner worked only three days at this job and did not return to the restaurant after June 22, 1978. Instead, he commenced a high school equivalency training program at the Adult Learning Center, also in the City of Albany, and, as a consequence, he was notified by the department that his assistance grant was to be discontinued for 75 days because he had voluntarily terminated his employment (see Social Services Law, § 131, subd 10). He thereupon requested and was granted a fair hearing to review this decision, and following the hearing, respondent State Commissioner of Social Services affirmed the determination of the department. This proceeding ensued. We hold that the challenged determination should be confirmed. Applicants for home relief have the burden of proving their eligibility therefor (Matter of Pailley v Fahey, 55 AD2d 201), and in this instance, petitioner has failed to carry this burden. While he asserts that he is not an "employable person" and, accordingly is eligible for the public assistance grant because he is under the age of 21 years and attending school full time (see Social Services Law, § 131, subd 5), he has failed to rebut the testimony of the department's representative at the fair hearing to the effect that his enrollment at the Adult Learning Center could not serve to render him unable to work and eligible for home relief because the Adult Learning Center did not operate an approved schooling program. Under these circumstances, the presumption of employability lends support and rationality to the State commissioner's determination, and, therefore, it should not be disturbed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Mikoll and Herlihy, JJ., concur.