■ In the Matter of CHRISTIANA SHERMAN et al., Petitioners, v JOSEPH SANFILIPPO, as Commissioner of the Department of Social Services of the County of Broome, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Broome County) to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated May 22, 1978, and made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the Department of Social Services of Broome County, which denied petitioner's application for medical assistance. Petitioner Sherman, a widow then 82 years old, was hospitalized in early June of 1976. She had been living alone in her own home, and when discharged from the hospital, was admitted to a nursing home on June 20, 1976. On July 30, 1976, she transferred her house to petitioners Janet S. Jones and Jerome P. Jones, her daughter and son-in-law, respectively. On April 25, 1977, Janet Jones sold the house and deposited the net proceeds of $26,117.98 in a bank account in her own name. On September 28, 1977, Mrs. Sherman was again hospitalized, this time for a broken pelvis. Upon her release from the hospital, she was admitted to another nursing home where she remained through the inception of this proceeding. Mrs. Sherman also had other assets of about $15,000 which were used to pay her nursing home and hospital expenses during this period, until the funds were exhausted. On September 15, 1977, Mrs. Sherman applied to the Broome County Department of Social Services for medical assistance. This application was denied on October 19, 1977 because of the "Transfer of Real Property for the purpose of qualifying for Medical Assistance and to defeat medicaid reimbursement claims." This first determination was not contested further because it was believed that Mrs. Sherman might never leave the hospital to return to the nursing home. A subsequent reapplication for medical assistance in January, 1978 was also denied for

the same reason by decision dated February 7, 1978. Petitioners then requested a fair hearing from this decision. The hearing was held in April, 1978. At the hearing petitioners contended that the transfer of Mrs. Sherman's house was the transfer of a "homestead" and that as a matter of law it was not a basis for denying medical assistance under section 366 (subd 1, par [e]) of the Social Services Law. It was conceded at the hearing that when Mrs. Sherman first entered a nursing home it was unlikely she would ever return to her home. Following the hearing, respondent State commissioner affirmed the determination of the local agency, ruling that the county properly denied the application for medical assistance under section 366 (subd 1, par [e]) of the Social Services Law on the grounds petitioner Sherman transferred her house for the purpose of qualifying for medical assistance and to defeat the agency's right of recovery. The decision of respondent State Social Services Commissioner should be affirmed. The evidence supports the conclusion that petitioner Sherman's house was not an exempt homestead when she conveyed it. The record establishes that because of petitioner Sherman's advanced age and poor medical condition at the time the property transfer was made, she did not want to, nor could she, return to her home. The property therefore did not then qualify as a homestead (Matter of Clement v Lavine, 50 AD2d 63, 65; Social Services Law, § 366, subd 2, par [a], cl [1]; 18 NYCRR 360.23 [b]). The burden of proof in welfare eligibility cases is upon the applicant (Lavine v Milne, 424 US 577; Matter of Carrington v Toia, 67 AD2d 775, 776), and it is evident that petitioners did not meet that burden here. Further, these facts reveal that the State commissioner acted reasonably in concluding that Mrs. Sherman's house was not an exempt homestead when she conveyed it. The State commissioner's decision must, therefore, be confirmed (Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Carrington v Toia, supra). Petitioners urge that under the decision of Matter of Mondello v D'Elia (39 NY2d 978) the transfer of Mrs. Sherman's property is not a bar to her receiving medical assistance. However, petitioners overlook the fact that in Mondello the property transferred was an exempt homestead. That is not so here. Although the statutory presumption contained in section 366 (subd 1, par [e]) of the Social Services Law was not applicable herein because the property was conveyed more than a year prior to petitioner Sherman's first application for medical assistance, there was substantial evidence, independent of the presumption, to support the State commissioner's conclusion that the transfer was made for Medicaid purposes. Mrs. Sherman conveyed her house without consideration, at a time when she had few other assets; and when it was highly probable that, by her own choice, she would spend a lengthy period in a nursing home. Petitioners offered no evidence to disprove the legitimate adverse inferences the State commissioner drew from these facts and circumstances, despite the fact that the burden of proof was upon them (Lavine v Milne, supra; Matter of Carrington v Toia, supra). The decision of the State commissioner is both rational and supported by substantial evidence in the record. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Herlihy, JJ., concur.