■ In the Matter of ORLANDO CORRIPIO, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. In the Matter of JOSEPH FLORES, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. In the Matter of ALFRED HETTEL, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. In the Matter of CAROL MARTIN, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. In the Matter of LEVI WILLIAMS, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—(Matter of Corripio v Blum)—Determination of respondent State Commissioner of Social Services dated January 23, 1978, affirming the determination of New York City Department of Social Services discontinuing grant of home relief to pe- titioner for a specified period is unanimously annulled, on the law, without costs, and the matter is remanded to the State commissioner for further proceedings. (Matter of Flores v Blum)—Determination of respondent State Commissioner of Social Services dated February 15, 1978, affirming the determination of New York City Department of Social Services discontinu- ing grant of home relief to petitioner for a specified period is unanimously annulled, on the law, without costs. (Matter of Hettel v Blum)—Determina- tion of respondent State Commissioner of Social Services dated June 5, 1978, affirming the determination of New York City Department of Social Services discontinuing grant of home relief to petitioner for a specified period is confirmed, without costs. (Matter of Martin v Blum)—Determination of

respondent State Commissioner of Social Services dated April 27, 1978, affirming the determination of New York City Department of Social Services discontinuing grant of home relief to petitioner for a specified period is unanimously annulled, on the law, without costs, and the matter is remanded to the State commissioner for further proceedings. (Matter of Williams v Blum)—Determination of respondent State Commissioner of Social Services dated March 7, 1978, affirming the determination of New York City Department of Social Services discontinuing grant of home relief to petitioner for a specified period is unanimously confirmed, without costs. These five CPLR article 78 proceedings challenge determinations of the State Commissioner of Social Services, after fair hearing, confirming the determinations of the city department of social services suspending the grant of home relief to petitioners for a period of 30 days, and until such time as the respective petitioner is willing to comply with requirements relating to employables. In each case, the issue is whether the petitioner failed or refused without good cause to accept employment to which petitioner was referred as required by section 164 and subdivision 5 of section 131 of the Social Services Law and the applicable regulations (18 NYCRR 385.4, 385.6). With respect to petitioner Williams, the State Commissioner of Social Services found petitioner's testimony as to his reasons for not accepting employment "not credible" and there is no basis for judicial interference with that determination. Suspension of assistance for 30 days for a first failure to comply without good cause is expressly provided for in the regulations (18 NYCRR 385.7 [a]); the validity of that regulation was confirmed in Matter of Barie v Lavine (40 NY2d 565). Petitioner Hettel's reason for refusing proffered employment was that the area of the city in which he was to work was a dangerous area. We think it was within the proper discretion of the State commissioner to determine whether that was good cause, and the State commissioner rejected it. We cannot interfere. Petitioner Corripio presented some documentary evidence, including a statement from his psychiatrist indicating his inability for reasons of health to accept the proffered employment. There was no evidence to contradict this claim, and thus the commissioner's determination rejecting petitioner Corripio's excuse was not based on substantial evidence. We therefore annul the determination as to Corripio and remand for further inquiry, including an opportunity by the city agency to present any contrary evidence, if it has any. Petitioner Flores was told to report to a maintenance job. He was in his good clothes and requested permission to go home and change into clothes that would be suitable for the work to which he was being referred. This permission was denied. In our view, petitioner Flores' request was reasonable and the determination by the State commissioner that it was not good cause was arbitrary and without rational basis. Accordingly, we annul the determination of the State commissioner with respect to petitioner Flores. Petitioner Martin had a long history of excessive absences on the job to which she was referred, and finally, her employment there was terminated and she was referred back to the city agency. But her supervisor in the termination report stated: "Please call employee for evaluation before removing from program. She appears to be quite ill and needs assistance." Section 385.10 (f) (4) of title 18 of the Official Compilation of Codes, Rules and Regulations of the State of New York requires the social services official or the public manpower agency to "provide a pre-placement physical whenever there is any reason to suspect a health problem". Section 385.3 (a) (1) of the Official Compilation of Codes, Rules and Regulations of the State of New York requires the social services district, when circumstances so require, to

provide "medical and other diagnostic examinations, when not otherwise obtainable, for the purpose of determining an applicant or recipient's employability". Respondents did not re-examine petitioner Martin or offer any evidence to rebut her claim of illness, but suspended the home relief assistance. The supervisor's notation surely was "reason to suspect a health problem." The rejection of petitioner Martin's excuse was thus arbitrary and without rational basis. We annul the determination and remand the matter for further inquiry and medical examination to determine whether the petitioner was too ill to continue work. Concur—Sandler, Sullivan, Silverman and Carro, JJ.

Kupferman, J. P., dissents in a memorandum with respect to Matter of Hettel v Blum as follows: I dissent and would annul. The regulations (18 NYCRR 385.6 [c]) provide that: "A person shall be deemed not to have refused without good cause to accept employment if evidence shows that * * * (5) the job would have been hazardous to the applicant's or recipient's life or health". Petitioner, who is white, did not want to go back to what he considered a "dangerous street", as he feared for his safety and considered the job site unsafe. At no time did he refuse to work as such, and he continually reported to the respondent New York City Department of Social Services office for the purpose of a work assignment. If there was a question of credibility with respect to the excuse, the majority determination to confirm might have some basis. However (without a hearing) simply to determine that petitioner's claim, if true, would not be good cause, shows a shocking disregard for the rights of the individual. (Goldberg v Kelly, 397 US 254, 261.) Section 164 and subdivision 5 of section 131 of the Social Services Law reasonably requires a work quid pro quo from those being supported. As can be seen from the varied nature of the other situations before us in this proceeding, there are other assignments to which a person can be referred, presumably in any rationally administered program, to obtain the most rewarding return. The penalties imposed are for the malingerer, not for the person who is willing to work, but asks only for a safe environment.