In the Matter of YOLE GREENWALT, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated October 11, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency to classify petitioner as employable with limitations. Petition granted, determination annulled, on the law, without costs or disbursements, and the petitioner is declared to be not employable as defined in section 385.1 of the regulations of the State Department of Social Services (18 NYCRR 385.1), and the respondents are enjoined from requiring her to report for a work assignment for as long as her medical condition renders her unemployable. The determination under review was based on the opinion of a physician employed by the local agency that the petitioner was employable full time as long as her work did not involve prolonged standing or climbing. This opinion was derived without personal examination of the petitioner and solely from perusing the reports of petitioner's physicians who had examined her. It is true that the agency's failure to have conducted its own medical evaluation of the petitioner does not render the determination arbitrary as a matter of law *(Matter of Denise R. v Lavine,* 39 NY2d 279, 282). However, in the circumstances of this case, the agency doctor's assessment of what other doctors found was not a sufficient basis for competent evaluation without a personal examination of the petitioner. Consequently, the State commissioner's adoption, from among the conflicting medical opinions, of the opinion of the local agency's physician is not reasonable and

cannot be sustained. Gulotta, J. P., Cohalan, Margett and O'Connor, JJ., concur.