■ In the Matter of SARAH JONES, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review three determinations of the respondent State Commissioner of Social Services, dated January 26, 1979, May 9, 1979 and May 14, 1979, respectively, and made after statutory fair hearings, which, *inter alia,* affirmed determinations of the local agency disqualifying petitioner from receiving public assistance in the category of home relief "for 60 days and until willing to comply with requirements relating to employables". Petition granted to the extent that the determinations are annulled, on the law, the petitioner is declared to be not employable as defined in section 385.1 of the Regulations of the State Department of Social Services (18 NYCRR 385.1), respondents are directed to restore petitioner's grant of assistance and respondents are enjoined from requiring petitioner to report for a work assignment for as long as her medical condition renders her unemployable. The proceeding is otherwise dismissed on the merits, without costs or disbursements. The determination that petitioner was employable without limitations was based on the opinion of a physician employed by the local agency. This opinion, which was contrary to those of petitioner's examining physicians, was reached without personal examination of the petitioner and was made solely from perusing the reports of petitioner's physicians. The failure of the local agency to have conducted its own medical evaluation of the petitioner

does not render the determination arbitrary as a matter of law (see *Matter of Denise R. v Lavine,* 39 NY2d 279). However, we have held insufficient an agency's doctor's assessment which is based solely upon and is contrary to the findings of other doctors who had examined the petitioner (see *Matter of Greenwalt v D'Elia,* 76 AD2d 836). Accordingly, we hold that the State commissioner's adoption, from among the conflicting medical opinions, of the opinion of the local agency's physician, is not reasonable and cannot be sustained. We have also held, under similar circumstances, that the petitioner's expression at her job interview of her inability to perform the required duties of prospective employment cannot be equated with an outright refusal of employment under subdivision 5 of section 131 of the Social Services Law and 18 NYCRR 385.1 where no offer of and referral to any position were made (see *Matter of Atkinson v Blum,* 78 AD2d 550). In addition, as a matter of discretion we decline to award counsel fees to petitioner (see *Matter of Bess v Toia,* 66 AD2d 844). Titone, J. P., Gibbons, Margett and O'Connor, JJ., concur.