## (February 12, 1981)

In the Matter of CHARLENE SHOOK, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to annul a determination which affirmed the denial of petitioner's application for home relief upon the ground that she had voluntarily terminated her employment for the purpose of qualifying for public assistance. Pursuant to subdivision 10 of section 131 of the Social Services Law, a person who voluntarily terminates his employment for the purpose of qualifying for home relief shall be disqualified from receiving such assistance for 75 days from the date of termination. Petitioner contends that respondent's

determination, disqualifying her for home relief on this ground, must be annulled since it is supported mostly by hearsay (see *Matter of De Pietto v Toia*, 67 AD2d 663). However, subdivision 10 of section 131 of the Social Services Law further provides that any person who applies for home relief within 75 days of voluntarily terminating his employment shall be deemed to have terminated his employment for the purpose of qualifying for such assistance. This presumption simply casts the burden on the applicant to prove his eligibility before he will be entitled to benefits *(Lavine v Milne,* 424 US 577). Petitioner, who applied for home relief some 20 days after voluntarily terminating her employment, contends that she did so due to a back injury, but she never reported the injury to her employer and produced no verification of any injury until after she was denied assistance by the local agency. Some four weeks after she terminated her employment, petitioner signed a certificate of employability, indicating that she had no disability or physical limitation. The only proof of injury offered by petitioner at the fair hearing was her own testimony and a rather sketchy report of a physician on a workers' compensation form, prepared some seven weeks after the alleged injury. "As with any administrative determination of fact, the [commissioner's] assessment of the credibility of witnesses and the inferences to be drawn from the evidence presented are conclusive if supported by substantial evidence" *(Matter of Di Maria [Ross],* 52 NY2d 771, 772). Under the circumstances presented here, the determination should not be disturbed (compare *Matter of Albea v Fahey,* 73 AD2d 739, with *Matter of Corripio v Blum,* 74 AD2d 555). Determination confirmed, and petition dismissed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Mikoll, JJ., concur.