■ In the Matter of IRENE FIFE, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Chemung County) to review a determination of the State Department of Social Services which disqualified petitioner's household for food stamps. Petitioner and her children had been in the food stamp program since February, 1979. She instituted this proceeding to annul a determination of the Commissioner of the New York State Department of Social Services which affirmed the local agency's determination discontinuing her food stamp authorization. It appears that petitioner had been residing with a man she characterized to be a boarder. Under the recertification, William Doane was included as a member of petitioner's household and the inclusion of his income resulted in the determination of ineligibility. After a fair hearing, respondent Blum affirmed the local agency's determination. Petitioner contends that respondents' inclusion of Doane in her household is not supported by substantial evidence. Eligibility for food stamps is on a "household" basis (18 NYCRR 387.1), and includes a group of individuals who live together and customarily purchase and prepare meals together for home consumption (US Code, tit 7, § 2012, subd [i]; 7 CFR 273.1 [a]). There is substantial evidence that petitioner and Doane were living together as husband and wife (see 7 CFR 271.2, 273.1). Respondents rejected petitioner's contention that she was neither married to Doane, nor shared meals with him. The commissioner's assessment of the credibility of witnesses and inferences to be drawn from the evidence presented are conclusive if supported by substantial evidence *(Matter of Di Maria [Ross],* 52 NY2d 771; *Matter of Shook v Blum,* 80 AD2d 679). The record shows that petitioner, her children, and Doane have lived together since at least January, 1979. Doane testified that petitioner's only income of $50 weekly child support was insufficient to meet the children's needs and that he assisted her. The record reflects that respondents' determination is supported by substantial evidence *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of*

*Carrington v Toia,* 67 AD2d 775) and it should, therefore, be confirmed. Petitioner's remaining contentions are without merit. Determination confirmed, and petition dismissed, without costs. Kane, J.P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.