■ In the Matter of JAMES SWEET, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review two determinations of the State Commissioner of Social Services, dated April 1, 1980 and May 21, 1980 which, respectively, affirmed determinations of the local agency disqualifying petitioner from receiving public assistance in the category of home relief for a period of 30 days and classified petitioner as employable with limitations. Petition granted, determinations annulled, on the law, without costs or disbursements, the petitioner is declared to be unemployable within the definition in section 385.1 of the regulations of the State Department of Social Services (18 NYCRR 385.1) respondents are enjoined from requiring him to report for a work assignment for as long as his medical condition renders him unemployable and respondents are further directed to reimburse petitioner for those periods of time during which he was disqualified from receiving public assistance. The commissioner's determination of April 1, 1980 was not supported by substantial evidence. In order to disqualify petitioner from receiving public assistance there must be a finding that the petitioner willfully refused, without good cause, a referral to available employment (18 NYCRR 385.7). There is no evidence on the record that a referral was ever made. (See *Matter of Atkinson v Blum,* 78 AD2d 550.) Additionally, petitioner's expression at his job interview that he was physically precluded from certain types of employment cannot be equated with a refusal of employment. (See *Matter of Jones v D'Elia,* 78 AD2d 890, 891.) Accordingly, the commissioner's determination must be annulled. We also find that the commissioner's May 21, 1980 determination was not supported by substantial evidence. Petitioner, by his own testimony and the medical form submitted by his examining physician, raised a substantial question concerning his ability to work because of his frequent blackouts, vertigo and hypertension. This evidence was uncontradicted and sufficiently rebuts any "presumption of employability" available to the agency during the hearing. (See *Matter of Albea v Fahey,* 73 AD2d 739, 740.) The opposing medical form submitted by the agency only addressed petitioner's back problem. Based on this form the agency determined petitioner to be employable with limitations. On this record we must conclude that the finding is not based on substantial evidence. Accordingly, the commissioner's May 21, 1980 determination must also be annulled. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL B., Appellant. — Judgment of the County Court, Suffolk County (Tanenbaum, J.), rendered March 3, 1981, affirmed. No opinion. This case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Lazer, J. P., Gibbons, Gulotta and Bracken, JJ., concur.