■ In the Matter of ALMA TROTTER, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, dated January 14, 1981 and made after a statutory fair hearing, which affirmed a determination of the local agency disqualifying petitioner from receiving public assistance in the category of home relief "for thirty days and until willing to comply with requirements relating to employables". Petition granted, determination annulled, on the law, without costs or disbursements and respondents are directed to reimburse petitioner for those periods of time during which she was improperly disqualified from receiving home relief. On this record, we find that the State commissioner's determination is not supported by substantial evidence. In *Matter of Atkinson v Blum* (78 AD2d 550, 551), this court said: "The predicate for such a disqualification is a finding that an employable home relief recipient has refused and failed to report to proffered employment, and/or that the recipient has refused a concrete referral to available employment." Here, petitioner reported to the New York State Employment Service on one occasion for referral to employment if appropriate. According to the petitioner, the interviewer asked her if she was able to work full time. The petitioner replied in the negative. The interviewer then asked her the reason for her answer. To this, petitioner stated that she had high blood pressure and arthritis and would almost "blackout" if she had to stand for an entire day. After saying this, the interviewer said: "okay". She then wrote something down, told petitioner to sign her name, and gave petitioner her check. At no time did petitioner refuse an actual offer of employment, nor repudiate a referral to employment. All the petitioner did was to express her opinion that she was unable to perform the required duties of prospective employment. As this court has held under similar circumstances, the foregoing cannot be equated with an outright refusal of employment under subdivision 5 of section 131 of the Social Services Law and 18 NYCRR 385.1 (see *Matter of Atkinson v Blum, supra; Matter of Jones v D'Elia,* 78 AD2d 890). Titone, J. P., Mangano, Weinstein and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL ARTALE, Appellant. — Judgment of the County Court, Nassau County (Burke, J.), rendered September 15, 1981, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Titone, J. P., Mangano, Weinstein and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK T. CIRILLO, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County (Jaspan, J.), imposed January 15, 1982, upon his adjudication as a second felony offender. Sentence affirmed. Defendant failed to challenge the constitutionality of the conviction upon which his adjudication as a second felony offender was based in a timely fashion, and did not make a sufficient showing of good cause for this failure to make a timely challenge (see CPL 400.21, subd 7, par [b]). Damiani, J. P., Weinstein, Thompson and Niehoff, JJ., concur.