■ In the Matter of MILDRED COFFEY, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated August 14, 1981 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's request for a Medicaid grant for the purchase or rental of an air conditioner. Petition granted, determination annulled, on the law, without costs or dis-

bursements, and respondents are directed to provide petitioner the funds necessary to rent or purchase an air conditioner. The determination under review was based on the testimony of a physician employed by the New York State Department of Health that an air conditioner was not necessary for the treatment of the petitioner, who suffers from chronic bronchitis, asthma, and emphysema. That testimony was contrary to the opinion of petitioner's personal treating physician. However, the Department of Health physician did not examine the petitioner and based her testimony on a review of letters of petitioner's personal treating physician and on the local agency's file on the petitioner. The determination was not supported by substantial evidence. In both *Matter of Greenwalt v D'Elia* (76 AD2d 836), and *Matter of Jones v D'Elia* (78 AD2d 890), a physician employed by a local social services agency, rendered an opinion, contrary to that of the recipient's examining physician, that the recipient was employable. In reaching that conclusion, the local agency's physician did not personally examine the recipient, but relied merely on a perusal of the reports of the recipient's physician. In annulling determinations based on the opinions of the agency physicians, this court held that those determinations were "not reasonable and cannot be sustained" (*Matter of Jones v D'Elia, supra,* p 891; *Matter of Greenwalt v D'Elia, supra,* pp 836-837). Since the determination of respondent Blum herein was also based on an opinion which was reached without a medical examination of the recipient, it must similarly be annulled (*Matter of Jones v D'Elia, supra; Matter of Greenwalt v D'Elia, supra;* cf. *Matter of Denise R. v Lavine,* 39 NY2d 279). Insofar as *Matter of Harbeck v Blum* (78 AD2d 726), is to the contrary, we decline to follow it. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.