■ In the Matter of NORMA KOMANKO, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Main, J. Proceeding

pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Broome County) to review a determination of respondent Commissioner of the State Department of Social Services which allotted petitioner food stamp benefits of $10 per month.

In September 1982, petitioner applied for food stamps and indicated on her application that Leonard Briggs, with whom she shared an apartment, was a member of her household. The Broome County Department of Social Services determined that petitioner and Briggs were a single "household" for food stamp purposes and, in accordance with the applicable regulations, allotted petitioner $6 for food stamps in September and $10 per month thereafter until January 13, 1983. After petitioner requested and received a fair hearing to challenge the single "household" classification, respondent Commissioner of the State Department of Social Services upheld the determination. Special Term, noting that the gravamen of petitioner's petition was that respondents' determination is not supported by substantial evidence, transferred the proceeding to this court (CPLR 7804 [g]).

Eligibility for food stamps is determined by "household", which includes "a group of individuals who live together and customarily purchase food and prepare meals together for home consumption" (7 USC § 2012 [i] [2]; see, Matter of Fife v Blum, 83 AD2d 670). Petitioner and Briggs were found to constitute a single "household" under this definition, but petitioner contends that they did not customarily purchase and prepare food together and, thus, were not a single "household" of two persons. Our review of the record reveals that petitioner's contention is without merit.

At the time of her application, petitioner indicated that she and Briggs were "eating together". There is other testimony that when an earlier application for food stamps was made by petitioner, Briggs was contributing to the purchase of food which petitioner consumed. Indeed, Briggs admitted that he contributed money to petitioner so that she could eat, despite petitioner's assertions to the contrary. Briggs further demonstrated his generosity toward petitioner by purchasing toiletries and other personal items for her. In light of such generosity it seems unlikely that Briggs would have let petitioner go hungry as she claimed. Briggs' contention that he took lunches at a senior citizens center may be true, but he admitted that he began doing so in September 1982, after petitioner's application for food stamps. There is nothing to indicate that he was not eating with petitioner before then, especially in light of petitioner's assertion that they were "eating together", as noted above.

The fact that her work schedule required petitioner to rise before Briggs and prevented their having breakfast together does not preclude a finding that they constituted a single "household" (*see, Matter of Carrington v Toia,* 67 AD2d 775, 776). The inconsistencies in the testimony of petitioner and Briggs certainly renders petitioner's position suspect and the above factors, we believe, are sufficient to support respondents' conclusion that petitioner and Briggs constituted a single household for food stamp purposes.

We also find no merit to petitioner's claim that the fair hearing summary was inadequate. No objection was taken to the summary and, thus, any defect in this regard has been waived (*see, e.g., Matter of Hopkins v Blum,* 58 NY2d 1011). We also conclude that the information supplied by petitioner at the time of her application was not questionable and, therefore, did not require verification (*see,* 7 CFR 273.2 [f] [2]).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.