■ In the Matter of WILLIE M. MOBLEY, Petitioner, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. — CPLR article 78 petition, dated November 2, 1983, seeking to annul a determination of respondent State Commissioner of Social Services, made July 5, 1983 after a fair hearing, is granted, on the law, without costs, to the extent of annulling the Commissioner's determination and directing that petitioner receive two personal home care attendants.

The unanimous opinion of those who examined petitioner, including her doctor and other hospital personnel and support staff, is that petitioner is in need of two home care attendants. Petitioner presented documentary evidence of this as well as the live testimony of her caseworker, based upon that professional's personal visits to petitioner's house after her discharge from the hospital, stating that petitioner needed two assistants, each working 12-hour shifts.

By contrast, respondent relies upon reports of the agency's Medical Services Team and the Visiting Nurse Service, which merely assert in conclusory fashion that one attendant would suffice. These were not based upon personal knowledge and not one witness who examined petitioner or visited her in her home appeared at the fair hearing to support this conclusion. Even the caseworker admitted that he finally arrived at that conclusion because he *knew* he could not get approval for two assistants.

Such does not constitute the necessary substantial or sufficient evidentiary basis to support the agency determination, especially in the face of petitioner's overwhelming evidence to the contrary. (*Matter of Hagood v Berger,* 42 NY2d 901; *Matter of Jones v D'Elia,* 78 AD2d 890; *Matter of Greenwalt v D'Elia,* 76 AD2d 836.) Concur — Murphy, P. J., Ross and Carro, JJ.

Kupferman, J., concurs in part and dissents in part in a memorandum as follows: While I concur to the extent of annulling the Commissioner's determination, I would remand to the Commissioner for further proceedings.

It is not apparent from the record in this matter as to whether the respondent Commissioner has given consideration to alternative means of care. If we are to mandate two home care attendants, the Commissioner should reconsider the care to be given to petitioner to see whether it might be done at less expense to the taxpayers in another setting or on another basis.