■ In the Matter of DOUGLAS TURNER, Appellant, v MARY JO BANE, as Commissioner of the New York State Department of Social Services, et al., Respondents. [606 NYS2d 806] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Rose, J.), entered July 6, 1992 in Tioga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's application to be recertified for receipt of food stamp benefits.

In September 1991, petitioner applied for recertification of his continued eligibility to receive food stamp benefits. The Tioga County Department of Social Services denied recertification on the ground that, under the pertinent State and Federal regulations, petitioner was required to apply for food stamp benefits for the entire household because he "lived with" his former wife and his children. An administrative fair hearing was subsequently held to review this determination.

At the fair hearing, the evidence indicated that petitioner was divorced in 1974 or 1975 and that for several years he was residing in a rented house. In the summer of 1990, the house in which he was living was sold. Petitioner arrived at an oral agreement with his former wife whereby he rented a bedroom and two enclosed porches in her mobile home. Petitioner's former wife lived in the mobile home along with the couple's two sons. Petitioner was given exclusive use of the main bedroom which he furnished, but shared the bathroom, the kitchen and the living room with the other occupants.

Petitioner testified that the mobile home had one entrance and that he locked his bedroom door when not there. Petitioner bore no responsibility for any bills beyond the payment of $55 per week for rent, which included utilities. He did not have a separate telephone and paid for any long-distance calls. The family did not keep any of its possessions in petitioner's bedroom, nor did petitioner keep his possessions anywhere but in his bedroom and the two porches. Petitioner testified that

he kept a separate refrigerator in his room, that he did not buy food with his family, that he did use the family's pots and pans and accompanied his former wife into town to shop for his groceries because he did not have a car. He did not prepare meals for the rest of the family but would share leftovers with his sons. Occasionally, he was invited to dinner by his former wife. In terms of socializing, petitioner testified that he would, on occasion, watch television in the living room with his sons, but if the family had company he would go to his room. When petitioner borrowed his former wife's car, he would reimburse her for gas. Finally, petitioner stated that he did not have a "romantic" or "sexual" relationship with his former wife.

Following the administrative fair hearing, respondent State Commissioner of Social Services upheld the denial of recertification, finding that petitioner did not qualify as a separate food stamp household because he was "living with" his children. Petitioner commenced this CPLR article 78 proceeding. Supreme Court sustained the Commissioner's determination and dismissed the petition.

Under the Federal food stamp program, eligibility for receipt of benefits is determined by a "household", rather than an individual basis (see, 7 USC § 2013 [a]; § 2014; see also, Lyng v Castillo, 477 US 635, 636). Under Federal and State Law, a "household" is generally defined as "an individual who lives alone or who, while living with others, customarily purchases food and prepares meals for home consumption separate and apart from the others" (7 USC § 2012 [i] [1]; see also, 7 CFR 273.1 [a] [1]; 18 NYCRR 387.1 [w]). Significantly, however, parents who are living with their children are "treated as a group of individuals who customarily purchase and prepare meals together for home consumption even if they do not do so" (7 USC § 2012 [i] [3]; see, 7 CFR 273.1 [a] [2] [C]; 18 NYCRR 387.1 [w]). Thus, Federal law conclusively presumes (see, Lyng v Castillo, supra) that petitioner and his family are buying and preparing food together, if there is a determination that they are "liv[ing] together 'in light of all the circumstances' " (Robinson v Block, 869 F2d 202, 209). Petitioner charges that respondents failed to consider "all the circumstances" of petitioner's living arrangement in determining that petitioner was "living with" his former wife and children and, instead, impermissibly relied upon a "single dwelling" presumption, akin to the "single address" presumption invalidated in Lyng v Castillo (supra), to establish that petitioner was living with his children. The record does not

show that respondents utilized any such irrebuttable presumption.

Here, the record demonstrates that the Administrative Law Judge admitted petitioner's testimony about the use and ownership of possessions, child custody, financial and social arrangements, as well as the physical layout of the mobile home and the use of space therein. Petitioner may fault respondents' choice to place greater weight on the evidence of spatial closeness of petitioner's particular living arrangements (i.e., sharing the same entrance, kitchen, bathroom, living room and telephone) than on the financial and social arrangements in determining whether petitioner was "living with" his children. We cannot say, however, that the determination fails to constitute the "application of a reasonable judgment" *(Robinson v Block, supra,* at 214) based on all the circumstances of this case, and therefore respondents' determination was neither arbitrary, capricious nor affected by an error of law. Furthermore, the determination is supported by substantial evidence upon the whole record *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Fife v Blum,* 83 AD2d 670; *Matter of Carrington v Toia,* 67 AD2d 775).

Finally, we reject petitioner's contention that the failure of the relevant statutes and regulations to define the terms "live with" or "living together" amounts to a deprivation of due process, as these are common terms with meanings that are recognized " 'in law and life' " *(Paterson v University of State of N. Y.,* 14 NY2d 432, 439, quoting *Bellows v Merchants Desp. Transp. Co.,* 257 App Div 15, *affd* 283 NY 581).

Mercure, White, Casey and Weiss, JJ., concur. Ordered that the judgment is affirmed, without costs.