■ In the Matter of HERMAN BONILLA, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [631 NYS2d 674] —Determination of respondent New York State Department of Social Services dated December 22, 1994, which, after a fair hearing, affirmed the determination of the New York City Department of Social Services to terminate petitioner's Home Relief, Medical Assistance and Food Stamp benefits based upon his failure to comply with the Home Relief Job Search Program, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Richard Lowe, III, J.], entered March 1, 1995) dismissed, without costs.

There is no issue in this case with respect to whether or not petitioner was "employable" within the meaning of Social Services Law § 158-b (1). The agency was required to make that determination at the time of his certification or recertification for benefits (Social Services Law § 158-b [1]), and the issue was, in any event, conceded by petitioner in correspondence and a resume that he forwarded to the agency on or about April 15, 1994 in an attempt to argue that he was not then "ready" to participate in the employment program.

Petitioner admitted upon the record of the December 16, 1994 proceeding that he received the notice dated October 11, 1994, requesting his appearance at the offices of respondent Human Resources Administration to discuss his job readiness or the reasons why he believed he was not ready to participate in the program at that time. He also admitted, in his petition, that he received the November 3, 1994 Notice of Conciliation, requesting that he appear for conciliation on or before November 17, 1994. There is no dispute that petitioner failed to appear at either the conference or for conciliation. This

Court will not second-guess the agency's determination that petitioner's forgetfulness did not provide good cause or an adequate excuse for his failure to appear for either of the two scheduled appointments (*see, Matter of Corripio v Blum*, 74 AD2d 555). Moreover, while petitioner's purported medical disability may have provided a basis for a determination that petitioner was not "job ready" had he appeared for the scheduled appointment or conciliation, he forfeited his right to present that argument before the agency by failing to appear on or before the scheduled dates. Concur—Rosenberger, J. P., Rubin, Asch, Williams and Mazzarelli, JJ.