In the Matter of INEZ BOSCH, Appellant, v JOHN FAHEY, as Commissioner of the Albany County Department of Social Services, et al., Respondents.

Third Department, April 17, 1980

APPEARANCES OF COUNSEL

*V. Jerome Luhn* for appellant.

*Robert Lyman, County Attorney (Philip R. Murray* and *Stanley G. Walker, Jr.,* of counsel), for John Fahey, respondent.

*Robert Abrams, Attorney-General (William J. Kogan, Alan W. Rubenstein* and *Shirley Adelson Siegel* of counsel), for Barbara Blum, respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

Petitioner and her three children are recipients of State public assistance in the category of Aid to Families with Dependent Children (AFDC), a program financed under title IV of the Social Security Act (US Code, tit 42, § 601 *et seq.*). Additionally, the children each receive $20 a month in Federal Social Security benefits under the Old-Age, Survivors and Disability Insurance program (OASDI) (US Code, tit 42, § 402), with such additional award being continued with respect to an 18-year-old sibling because he is still attending high school (US Code, tit 42, § 402, subd [d], par [1], cl [B], subcl [i]). In determining local assistance, the Albany County Department of Social Services refused to disregard the OASDI payment to the 18-year-old son of petitioner and reduced the AFDC grant in accordance with State law (Social Services Law, § 131-a, subd 1). Following a fair hearing the State commissioner affirmed the local agency and held that since there was no State authority permitting exclusion of the Social Security payments made to petitioner's 18-year-old son, such payments must be considered by the local agency in determining need for AFDC grants. Following commencement of an article 78 proceeding to review that determination, Special Term dismissed petitioner's application and this appeal ensued.

The AFDC program established by the Social Security Act of 1935 is financed by a combination of Federal, State and local moneys. Although States are not required to participate in the program, those electing to do so must submit a plan to the Department of Health, Education and Welfare (HEW) for approval by the Secretary (US Code, tit 42, §§ 601-604). In order to be approved, a State AFDC plan must "provide that the State agency shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children" (US Code, tit 42, § 602, subd [a], par [7]). New York State, in electing to participate in the AFDC program, has enacted a statute requiring that any available income or resources be considered in determining grants of public assistance unless such income or resource is "required to be disregarded by

other provisions of this chapter" (Social Services Law, § 131-a, subd 1).

Meanwhile, the Social Security Act of 1935 also established the OASDI program, whereby Federal benefits were paid directly to certain eligible individuals. In accordance with the previously cited statutes compelling States to consider all available income in computing AFDC grants, the Commissioner of the State Department of Social Services promulgated a regulation requiring that Federal OASDI benefits be deemed available income when calculating the level of AFDC benefits (18 NYCRR 352.12 [c] [2]). Congress then passed the Social Security Amendments of 1965, which authorized the payment of OASDI benefits to full-time students between the ages of 18 and 22 (US Code, tit 42, § 402, subd [d], par [1], cl [B], subcl [i], as amd by Public Law 89-97, § 306).

On October 1, 1974, the United States District Court for the Northern District of Ohio, faced with a factual pattern congruent with the one before us, concluded that Congress intended that these OASDI benefits are to help defray the expenses of students attending school on a full-time basis and are to continue between the ages of 18 and 22 whenever the child is so occupied. Thus, the court held that such benefits are not to be considered "income" or "resources" by the State in computing the amount of a grant pursuant to an AFDC program (Elam v Hanson, 384 F Supp 549). Thereafter, on April 21, 1977, HEW sent a communication entitled "Action Transmittal-Interpretation" to the various States which declared that the OASDI benefits of a full-time student between the ages of 18 and 22 were to be disregarded as income in the determination of AFDC need.

The determination by the State commissioner, upholding the action by the Albany County Department of Social Services of refusing to follow the HEW directive, must be annulled. Although not adopted in the manner usually required for administrative rules, the "Action Transmittal-Interpretation" sent by HEW to the States was a lawfully promulgated regulation since it related to a Federal grant and thus exempt from the normal rule-making procedures (US Code, tit 5, § 553, subd [a], par [2]; Rodriguez v Swank, 318 F Supp 289, affd 403 US 901). Inasmuch as the State of New York has elected to participate in the Federal AFDC program, it is required to comply with the applicable Federal regulations (Hagans v Lavine, 415 US 528, 530, n 1; Matter of Lumpkin v

*Department of Social Servs. of State of N. Y.*, 45 NY2d 351, 355). In view of the State statute requiring the State commissioner to follow the Federal regulations and act in a manner which will "secure for the state the benefits of such federal act relating to aid to dependent children" (Social Services Law, § 358, subd 1), it was arbitrary and capricious for the State authorities to refuse to follow the HEW regulations.

In its decision below, Special Term erroneously relied on subdivision (2) of section 406 of Public Law 89-97 (Social Security Amendments of 1965) in reaching its conclusion that the State commissioner could disregard HEW's directive and consider the OASDI payments received by petitioner's son in computing the family's AFDC allowance. That section, which was part of the same amendment that made 18-22-year-old students eligible for OASDI benefits, provides that a State *may* disregard certain OASDI benefits paid to a student beyond age 18 in determining need under an AFDC program. However, States were only given authority to disregard those OASDI payments attributable to the amendment's retroactive effective date (Public Law 89-97, § 406). Where, as here, retroactive OASDI benefits are not in issue, that section cannot serve as a justification for the refusal to follow the action transmittal issued by HEW.

The judgment should be reversed, on the law, with costs, the determination by the State commissioner annulled, and the matter remitted to the Albany County Department of Social Services for further proceedings not inconsistent herewith.

GREENBLOTT, MAIN, MIKOLL and HERLIHY, JJ., concur.

Judgment reversed, on the law, with costs, determination by the State commissioner annulled, and matter remitted to the Albany County Department of Social Services for further proceedings not inconsistent herewith.