OPINION OF THE COURT
Betty D. Friedlander, J.
On December 31, 1979, petitioner applied for Medicaid for the expenses she incurred in connection with the birth of her son on October 12, 1979. These expenses amounted to $350 in hospital bills (all were paid by insurance) and $602 in doctor bills. The doctors’ bills were not covered by insurance and it is reimbursement for these bills which are in issue here.
The sole source of income for petitioner’s family which includes petitioner, her spouse, and two children was Mr. Martin’s salary as a deliveryman for Brady Supply Corporation. His earnings were established as $571.90 gross and $494.76 net per month.
*631 Respondent computed petitioner’s eligibility for Medicaid by comparing this net monthly income figure with the statutory exemption ($417/month), multiplying the difference ($77.76) by 6, and comparing the total ($466) to the Medicaid fee rates of $300, the maximum allowable for the treatment period. This process led respondents to the conclusion that petitioner had income above the statutory minimum and she was disqualified by reason of income. The six-month period of computation of income made prospectively as of the date of application was made in reliance on 42 CFR 435.831 (a) and 18 NYCRR 360.5 (d) (2) (i).
Petitioner challenged respondents’ denial of Medicaid by requesting a fair hearing, which was held on March 27, 1980. In the meantime, petitioner’s representatives sought to have petitioner’s application reconsidered as a request for retroactive aid only. So postured, petitioner’s representative argued, petitioner’s request would fall under 78-A. T.-84 which provides for a three-month “spend-down” period when eligibility for retroactive payments is in issue. (In other words, it provides for a separate computation of eligibility for retroactive aid, using a three, rather than six-month spenddown period computed retroactively from the date of application.) Respondents refused to apply 78-A. T.-84 maintaining they were not bound by the regulation.
Petitioner’s contentions at the fair hearing were that respondents should have informed petitioner of her option to apply for retroactive aid only, thus bringing into play the 78-A. T.-84 standard under which she would have been eligible; that respondents should have, in any event, computed petitioner’s eligibility by the 78-A. T.-84 standard as well as by the 18 NYCRR 360.5 (d) (2) (i) standard; and that, under either standard respondents should have compared petitioner’s excess income to her actual expenses rather than to the Medicaid fee schedule.
On June 17, 1980, the fair hearing officer announced that he found petitioner’s contentions to be without merit, and thus he sustained the denial of Medicaid to the petitioner.
*632 Petitioner then brought this instant article 78 proceeding seeking to reverse and annul respondents’ denial of Medicaid. Her grounds are the same as those she asserted at the fair hearing. In addition, petitioner asks the court to order respondents to permanently adopt the three-month “spenddown” in determining retroactive aid eligibility, to establish a policy of informing applicants who might be eligible for the separate retroactive calculation of its availability, and to establish a policy of using actual in-patient costs rather than the Medicaid fee schedules in calculating eligibility.
Respondent Attorney-General, in his reply brief submitted to this court, has responded only to the issue of the six-month versus three-month spenddown period. Apparently, respondents concede that petitioner’s eligibility should have been computed on the basis of the actual medical expenses she incurred.
I
Petitioner argues that her eligibility for Medicaid payments for costs already incurred, i.e., for retroactive aid, should be calculated separately from prospective benefits on the basis of a three-month “spenddown” period pursuant to 78-A. T.-84. Petitioner relies on Matter of Bosch v Fahey (74 AD2d 102) for the proposition that an Action Transmittal has the same force and effect as a Federal regulation.
Respondents, on the other hand, point out that the Action Transmittals are contained in the Medical Assistance Manual, which, they assert, “is useful as an interpretation tool” but is not binding on the States. The controlling measures, respondents maintain, are 42 CFR 435.831 (a), which allows States to utilize a spenddown period of up to six months in computing Medicaid eligibility, 18 NYCRR 360.5 (d) (2) (i), which enacts a six-month period in New York, and 42 CFR 435.914, which indicates that an applicant should be deemed eligible for retroactive Medicaid provided that he would have been eligible for prospective Medicaid at the commencement of the retroactive period for which benefits are sought.
*633 Respondents also argue that even if an Action Transmittal (A. T.) is to be given full regulatory recognition, it must nonetheless yield to a conflicting provision of the Code of Federal Regulations (CFR). And Matter of Bosch v Fahey (supra) respondents maintain did not involve a conflict of this type and is thus not applicable.
Petitioner counters that the Action Transmittals are designed to clarify the CFR provisions and that once an A. T. is adopted, the CFR provision together with the gloss of the A. T. becomes the binding regulation.
The court agrees with petitioner.
It is apparent that Matter of Bosch v. Fahey (supra) followed this clarification concept. Bosch involved a generally worded Federal regulation (which provided that all income must be included in computing Aid to Dependent Children [ADC] eligibility), and a specific A. T. (which provided that certain educational benefits were not to be included as income in the ADC eligibility computation). The Appellate Division, Third Department, viewing the A. T. as controlling held that the educational benefits must be disregarded in computing ADC eligibility.
Thus, by analogy, it would seem that the specific A. T. involved in this case was intended to be a binding clarification, or amplification, of the generally worded 42 CFR 435.831 (a).
There is more specific support for petitioner’s position. The bill report accompanying P. L. 92-603 (86 US Stat 1329) which enacted the current legislation concerning the entire Medicaid program made it clear that an individual who was ineligible for prospective Medicaid at the time he applied could nonetheless be eligible for retroactive coverage. This clearly implies that there may be a separate basis for computation of retroactive aid eligibility.
And the commentary accompanying C. D. H. 14, 703 states that this separate eligibility for retroactive aid is to be computed by using a three-month “spenddown” period pursuant to 78-A. T.-84. This commentary indicates that the 78-A. T.-84 method was specifically implemented to supplant the former method.
*634 It should be added that it is doubtful that the employment of the 78-A. T.-84 was intended to be optional with the States. Lewis v Shulimson (400 F Supp 807, affd 534 F2d 794, stay granted sub nom. Gorley, Director, Div. of Family Servs. of Missouri v Lewis, 426 US 902, cert den 430 US 940, reh den 431 US 934) makes it clear that the Federal Social Security Act forbids a State to enact standards that would exclude from medical assistance anyone who would be eligible under Federal standards.
Based on the foregoing, the court concludes that respondents should have computed petitioner’s eligibility for retroactive Medicaid separately, using a three-month “spenddown” period pursuant to 78-A. T.-84.
The decision of the fair hearing officer of June 17, 1980 is therefore vacated and annulled and respondents are directed to recompute petitioner’s retroactive eligibility in a manner consistent with this opinion.
II
Petitioner also requests that the court order respondents to change its eligibility computations and procedures for all future Medicaid applicants as well as for petitioner.
Since such a request structures the proceeding as a class action, this court will apply the rule that class actions are generally not favored in article 78 proceedings because the right of subsequent petitioners or others similarly situated are, as general rule, adequately protected by the principle of “stare decisis” (Matter of Jones v Berman, 37 NY2d 42; Matter of Dunn v Bates, 50 AD2d 561; Matter of Leone v Blum, 73 AD2d 252; Matter of Fairly v Fahey, 75 AD2d 158). Moreover, the principle of exhaustion of administrative remedies as to subsequent petitioners should be given effect. (Matter of Leone v Blum, supra.)
Petitioner’s request in this respect is therefore denied.
III
Petitioner’s request for counsel fees pursuant to section 1983 of title 42 of the United States Code must also be denied. The view in the Third Department is that section *635 1983 remedies should be limited to cases involving rights guaranteed by the Constitution or statutes directly providing for equal rights. (Matter of Fairly v Fahey, supra.)
IV
Finally, since respondents have agreed to compute petitioner’s eligibility on the basis of her actual costs, petitioner’s request for relief on this issue is dismissed as moot.