■ In the Matter of CARRIE L. EMMETT, on Behalf of Her Minor Child, JASON EMMETT, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court

at Special Term, entered in Otsego County) to review a determination of the Commissioner of the Department of Social Services, which held that the matter failed to present an issue for review because petitioner never submitted an application for a grant of Aid to Dependent Children. On January 28, 1980, petitioner requested a fair hearing to review an alleged denial by the local agency on June 28, 1979 of an Aid to Dependent Children (ADC) grant for her and her unborn child. At the fair hearing, petitioner asserted that she and her mother visited the local agency on June 28, 1979 requesting medical assistance for herself and her unborn child. Petitioner claimed that during her visit she was never informed of her possible eligibility for ADC assistance. Agency records presented at the hearing did not reveal a visit to the agency, but rather showed that Mrs. Emmett, petitioner's mother, placed a telephone call to the agency on June 28, 1979. No record of the telephone conversation was kept, and the caseworker who received the call had left the agency and could not testify at the hearing. Petitioner next contacted the agency in January, 1980 and was informed that she could apply for medical assistance for her baby, which she promptly did. An agency employee testified that he overheard the caseworker inform petitioner's parents that public assistance eligibility would have to be answered by that division of the department and she could put them in contact with that division. At no time, however, did petitioner file a written application for an ADC grant. In her decision, respondent found that since petitioner never filed an application for an ADC grant, no issue was presented for review. Respondent further determined that petitioner's testimony concerning the June, 1979 contact was not credible and petitioner was not entitled to an ADC grant retroactive to June, 1979. Petitioner's sole contention is that respondent's determination is not supported by substantial evidence. This argument is without merit. Firstly, it is undisputed that petitioner never filed an application for an ADC grant. Furthermore, respondent's assessment of the credibility of petitioner's testimony must be upheld if supported by substantial evidence *(Matter of Di Maria v Ross,* 52 NY2d 771). In this case, the rejection of petitioner's testimony was well within respondent's power as fact finder. Finally, since petitioner is not the prevailing party, she is not entitled to an award of attorney's fees under section 1988 of title 42 of the United States Code. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.