■ In the Matter of PATRICIA MARTIN, Appellant-Respondent, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, Respondent-Appellant, and RAYMOND FORTIER, as Commissioner of the Chemung County Department of Social Services, Respondent. — Cross appeals from a judgment of the Supreme Court at Special Term (Friedlander, J.), entered February 19, 1981 in Chemung County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the respondent New York State Department of Social Services, but denied petitioner counsel fees. On December 31, 1979, petitioner Patricia Martin applied for Medicaid benefits to aid her in paying a physician's bill of $602 resulting from the birth of her son. The respondent local agency determined her husband's net earnings, the family's sole income, to be $494.76 monthly, then deducted $417, the applicable family of four exemption, and then multiplied the monthly excess of $77.76 by six to calculate a six-month excess available income of $466.56. Because this amount exceeded the Medicaid fee schedule for pregnancy and delivery services, petitioner was declared ineligible for benefits. Petitioner unsuccessfully challenged the local agency's use of the six-month "spend down" at a fair hearing and then instituted this proceeding. In accepting petitioner's contention that a three-month retroactive "spend down" was applicable, thus making her eligible for benefits (*Matter of Martin v Blum,* 107 Misc 2d 630), Special Term relied on an "Action Transmit-

tal-Interpretation" (ATI), a directive issued to State agencies by the U. S. Department of Health, Education and Welfare on July 8, 1976, which stated in pertinent part: "Note that financial eligibility for Medicaid coverage during the 3-month retroactive period must be separately determined; i.e., by applying a *quarterly* medically needy income level to the amount of income which was actually available to the applicant during the retroactive period." (Emphasis added.) However, Special Term refused to award petitioner counsel fees. These cross appeals ensued. Respondent Blum, citing to *Matter of Bosh v Fahey* (53 NY2d 896, 898, n 1), contends that the court's reliance upon the ATI was misplaced for it conflicts with Federal regulatory law. In that instance, weight was not given to an ATI because "the applicable Federal statutes plainly mandate a contrary conclusion" (*id.,* at p 898). Here there is no such unequivocal contradiction between a statute and an ATI, but merely a claimed inconsistency between an ATI and a Federal regulation, 42 CFR 435.831. Although this regulation provided that in determining income eligibility for medically needy individuals, "[t]he agency must use a prospective period of not more than 6 months to compute income", the regulation and the ATI are not patently inharmonious. The phrase "not more than 6 months" simply establishes the maximum period which may be used. It does not preclude resort to a shorter term in all situations. Nor does it proscribe separate computations for retroactive and prospective periods. More importantly, this regulation is directed at applications for prospective benefits and the agency promulgating it has determined it is inapplicable when, as here, retroactive benefits are sought. As it does not appear that the agency's interpretation runs counter to the clear wording of any statute or the legislative intent underlying the Medicaid program, its interpretation of its own regulation must be accorded considerable deference (*Udall v Tallman,* 380 US 1, 16). Respondent Blum also urges that, in any case, petitioner is ineligible because 42 CFR 435.914 allows retroactive benefits only if the recipient "[w]ould have been eligible for Medicaid at the time he received the services if he had applied", and that since the six-month "spend down" of $466.56 would have been used if petitioner had applied at the time she received the services, she cannot meet that requirement. This argument is meritless for respondent has heretofore conceded that petitioner's actual medical costs ($602) and not the $300 Medicaid schedule determine the extent of assistance (see *Matter of Watkins v Toia,* 57 AD2d 628, 629), and therefore, after application of even a six-month "spend down", petitioner still would be entitled to benefits, albeit in a reduced amount. Special Term's denial of petitioner's application for counsel fees was based upon our decision in *Matter of Fairly v Fahey* (75 AD2d 158). Because of the intervening ruling of the United States Supreme Court in *Maine v Thiboutot* (448 US 1), we granted leave to reargue *Fairly* and thereafter modified our initial decision (*Matter of Fairly v Fahey,* 79 AD2d 35). That modification requires us to reverse Special Term's denial of petitioner's request for counsel fees and to remit the issue of whether an award of counsel fees is appropriate, and, if so, the amount thereof, to Special Term for determination. Judgment modified, on the law, by reversing so much thereof as denied petitioner's counsel fee application, and matter remitted to Special Term for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

Kane, J. P., dissents and votes to modify in the following memorandum. Kane, J. P. (dissenting). An "Action Transmittal-Interpretation" (ATI) is described as a bulletin sent to State agencies by the Department of Health and Welfare to advise them of current Federal policy and departmental views regarding the proper application of public assistance laws (*Matter of Bosh v Fahey,* 53 NY2d 896, 898, n 1). Although I have difficulty with the concept that

such an apparently elusive document[*] enjoys the status of, or may implicitly supersede, a formal regulation published in accordance with the Federal Administrative Procedure Act, I do not believe that an ATI is at issue or in any way relevant to the medical assistance eligibility laws in existence at the time of petitioner's application. Petitioner contends that two ATIs bind the State, and require respondents to use a three-month as opposed to a six-month basis for their determination. The first ATI was dated July 8, 1976 and referred to a then existing regulation, 45 CFR 248.2 (c) (4), which provided in part: "(c) With respect to the medically needy, the State plan must * * * (4) Provide that only such income and resources will be considered as will be 'in hand' within a period, *not in excess of six months ahead,* including the month in which medical services which are covered under the plan were rendered" (emphasis added). That regulation was revised on two subsequent occasions, and in September, 1978, it was further revised (and renumbered 42 CFR 435.831) to provide that "[t]he agency *must use a prospective period* of not more than six months to compute income" (emphasis added). The second ATI, dated August 30, 1978, does not refer to a specific regulation but indicates that separate computations are to be made for retroactive periods. Petitioner's child was born in December, 1979. The application herein is dated December 31, 1979. However, in March, 1979, a new regulation setting standards for Medicaid eligibility had been adopted (42 CFR 435.900 *et seq.*) regarding retroactive effect of eligibility. This regulation, in part, provided: "The agency must make eligibility for Medicaid effective no later than the third month before the month of application if the individual * * * [w]ould have been eligible for Medicaid at the time he received the services if he had applied" (42 CFR 435.914 [a]). Accordingly, this new regulation superseded the July 8, 1976 ATI and, insofar as retroactive payments are concerned, brings petitioner within the provisions of 42 CFR 435.831 which requires a *prospective period* calculation of no more than six months since petitioner's status at the time of application was not based upon different eligibility standards. Therefore, Special Term was incorrect in ordering a three-month basis to be the criterion for retroactive assistance. However, its refusal to award counsel fees was proper since petitioner, in my view, is not the prevailing party (*Matter of Emmett v Blum,* 84 AD2d 641). I would modify the judgment appealed from in accordance herewith.

---

[*] No copies are to be found in the New York State Law Library, the New York State Attorney-General's Library or the New York State Department of Health Library.