OPINION OF THE COURT

Per Curiam.

The narrow issue presented in these two appeals is the legal effect of an Action Transmittal issued by the United States Department of Health and Human Services upon the New York State Department of Social Services computations for determining eligibility for Medicaid.
An Action Transmittal is a bulletin authorized by Federal regulations (45 CFR 201.3 [d]) and sent to State agencies by the Department of Health and Human Services to advise them of current Federal policy and depart *510 mental views regarding the proper interpretation and application of the public assistance laws (see Matter of Bosh v Fahey, 53 NY2d 896, 898, n 1). The department considers its transmittals to be “binding” on State agencies. The transmittal before us directs that as to retroactive benefits, eligibility be computed on a three-month basis although the applicable regulations, both Federal (42 CFR 435.831 [a]) and State (18 NYCRR 360.5 [d] [2] [i], renum 360.5 [d], [1]) provide that eligibility shall be determined upon the basis of net available income for a period of not more than six months. The commissioner contends that she may rely upon the six-month provision to determine applicant’s excess monthly income available for retroactive medical expenses notwithstanding the department’s transmittal.
In Matter of Hernandez v Blum, the Appellate Division, Second Department, confirmed, without opinion, the commissioner’s determination measuring eligibility by using a six-month period (92 AD2d 1089). In Matter of Martin v Blum, the Appellate Division, Third Department, held the transmittal binding on the State commissioner and affirmed a holding directing the commissioner to determine eligibility by computing the applicant’s excess monthly income available by using the three-month period (87 AD2d 688). However, it reversed so much of the judgment as denied petitioner’s counsel fee application and remitted the matter to Special Term for further proceedings. The commissioner appeals pursuant to CPLR 5601 (subd [d]) from the judgment of Special Term to review the prior nonfinal Appellate Division order.
Medicaid is a Federal-State co-operative program created by the Social Security Act amendments of 1965 (US Code, tit 42, § 1396 et seq.)- Once a State elects to participate in the program, as New York has, it must comply with Federal Medicaid requirements. New York has complied with the provisions of Federal law. The New York regulation tracks the language of the Federal statute and the Federal regulation and it has been approved by the Department of Health and Human Services thus complying with the applicable Federal requirements (see Social Services Law, § 366, subd 2, par [b]). The present transmittal rather than interpreting or clarifying the existing regulations, however, is at complete variance with them.
*511 Both section 1396a (subd [a], par [34]) of title 42 of the United States Code and 42 CFR 435.914 require that cooperating States provide Medicaid to applicants for covered services which were rendered within a three-month period prior to application for assistance if the applicant would have been eligible for Medicaid at the time the services were rendered. Pursuant to 42 CFR 435.831, a co-operating State “must use a prospective period of not more than six months” to compute income when determining the income eligibility of medically needy individuals. When read together these two provisions provide that an applicant’s qualification for retroactive benefits depends on his eligibility at the time services were rendered and that it is determined under a prospective income test measured from the date of the services which takes into consideration the applicant’s income for a period of up to six months. The Action Transmittal challenged here, however, requires that a State, such as New York, which opts to use the maximum six-month period for determining the income eligibility of medically needy applicants, is nonetheless limited to a three-month period should the application be for retroactive benefits. This is so despite the fact that the six-month period would have been used to determine eligibility had the applicant applied for benefits at the time that services were rendered.
Petitioners contend that this apparent inconsistency is reconciled when the requirement of eligibility for assistance at the time services were rendered, as a precondition to an applicant’s qualification for retroactive benefits, is regarded as “categorical eligibility” rather than “income eligibility”. The “categorically needy” are individuals who are aged, blind, disabled or under 21, whose income and resources are sufficiently low to qualify them for cash assistance under the Aid to Families with Dependent Children (“AFDC”) program or Supplemental Security Income (“SSI”) program (US Code, tit 42, § 1396a, subd [a], par [10], cl [A]; US Code, tit 42, §§ 601-644). The “medically needy” are individuals who would qualify as categorically needy except that their income is too high to qualify them for cash grants under the AFDC or SSI programs, but who nonetheless cannot afford the cost of medical care (US *512 Code, tit 42, § 1396a, subd [a], par [10], cl [C], subcl [i]; 42 CFR 435.4). Petitioners contend that because only “categorical eligibility” is considered for a determination regarding retroactive benefits, the allowance for a prospective income period up to six months to determine “income eligibility” for medically needy individuals under 42 CFR 485.831 does not control. Such a restrictive interpretation of the term “eligibility” has no basis in the language of the statutes or in the regulatory scheme. While the interpretation given a statute by an agency charged with enforcing its provisions is entitled to substantial deference, the agency may not change the eligibility requirements provided by the clear language of the statute and regulations without formal amendment (see Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451). We therefore hold that the transmittal is not binding on the commissioner.
Our view is supported by evidence that since these proceedings were initiated the department has proposed a modified position on the period for measuring eligibility indicating that it will accept the contention that there is no statute or regulation compelling the States to use a three-month eligibility period (Commentary to Proposed Regulations of Dept of Health, Education and Welfare published in the 48 Fed Reg 39960-39961).
Accordingly, the judgment of the Appellate Division, Second Department, in Matter of Hernandez v Blum should be affirmed, without costs, and the judgment appealed from and the order of the Appellate Division, Third Department, brought up for review in Matter of Martin v Blum should be reversed and the petition dismissed, without costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in Per Curiam opinion.
In Matter of Hernandez v Blum: Judgment affirmed, without costs.
In Matter of Martin v Blum: Judgment appealed from and order of the Appellate Division brought up for review reversed, without costs, and the petition dismissed.