◼ In the Matter of OLGA M. DAUER, as Executrix of SOPHIE M. HOLTERMANN, Deceased, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services dated March 5, 1984, which, after a statutory fair

hearing, affirmed a determination of the local agency denying medical assistance to petitioner's decedent on the ground that she had transferred real property to a trust in order to qualify for assistance.

Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, petitioner is awarded medical assistance for her decedent for the period from February 1, 1983 through January 11, 1984, and matter remitted to respondent local agency to determine the amount of said assistance.

Petitioner's decedent, Sophie Holtermann, entered a skilled nursing facility in March 1980 to receive rehabilitation therapy for her broken hip. In June 1982 petitioner's decedent transferred the house which she owned and had resided in to an irrevocable trust for the sole benefit of her children and grandchildren. In March 1983 she made application to respondent New York City Department of Social Services (city) for medical assistance after spending her remaining resources to pay for her care at the nursing home. The city denied this application in June 1983 on the ground that there had been "a transfer of funds and/or property". The respondent Commissioner of the New York State Department of Social Services (Commissioner), upheld this denial following a fair hearing, on the ground that the "record establish[ed] that at the time of the transfer of the [decedent's] property in June, 1982, the property did not qualify for the homestead exemption within the meaning and intent of the Regulations".

The applicable statute and regulations provide that any property transferred within 24 months prior to an application for Medicaid is nonetheless included in calculating the available resources and consequent eligibility of the applicant for assistance, unless that property would be exempt from consideration if retained by the applicant (Social Services Law § 366 [5]; 18 NYCRR 360.8). The applicant's homestead is ordinarily an exempt resource disregarded in determining eligibility, unless certain conditions are met (Social Services Law § 366 [2] [a] [1]; 18 NYCRR 360.5 [a] [1] [i]; 360.6 [b]). Insofar as is pertinent here, these conditions include a requirement that the agency has "medical verification that the client will be unable to return to such homestead" (18 NYCRR 360.6 [b] [2] [ii], formerly 18 NYCRR 360.6 [b] [2] [iii]).

Respondents' conclusion that petitioner was "unable to return to such homestead" was based on (1) a letter from petitioner's decedent's doctor and a summary report made

upon her application for admission to the nursing home which were introduced at the fair hearing and (2) an analysis of certain "predictor scores" which was submitted by the respondent State Commissioner for the first time during this proceeding. However, the letter from petitioner's decedent's doctor indicated that the decedent, as of June 12, 1982, "would have found it possible to return to her personal residence" and "had the emotional and physical capacity to be able to reside in a private residence". Although speculative inferences can be drawn from the remaining evidence to support respondents' conclusion, these speculative inferences do not constitute a substitute for affirmative evidence *(see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180).

Since there was a failure to adduce substantial evidence to sustain their conclusion that petitioner "will be unable to return to [the] homestead", the petition must be granted and the determination annulled. Mangano, J. P., Rubin, Eiber and Kooper, JJ., concur.