■ In the Matter of LOUELLA PALMER, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Determination unanimously annulled, on the law, with costs, petition granted and matter remitted to Supreme Court for further proceedings, in accordance with the following memorandum: Petitioner was denied medical assistance by respondent Oswego County Department of Social Services. That agency found petitioner ineligible because, within 24 months of application, she had owned a homestead which was no longer exempt (18 NYCRR 360.8 [a]) and it determined that petitioner "will not be able to return to the home" (18

NYCRR 360.6 [b]). Petitioner appealed that decision and, after a fair hearing, respondent New York State Department of Social Services confirmed the decision. Petitioner then commenced this CPLR article 78 proceeding alleging that the decision is not supported by substantial evidence. We agree.

At the hearing, witnesses for the Oswego County Department of Social Services attempted to justify their decision based on three documents: two DMS-1 forms and one hospital discharge summary. The hospital discharge summary states no facts pertaining to petitioner's likelihood of returning to her home, and the witnesses so testified. The "DMS-1" forms, whose origin and purpose were not well described, indicate that at the current time petitioner was eligible for skilled nursing care. With respect to continued confinement, they say very little. The second form, however, does note that discharge from the nursing facility is "possible" "if and when decubitus heals" and there is "participation in ADL to HRF". These documents, which are at best ambiguous, cannot provide substantial evidence that the agency has "medical verification that the client will be unable to return" (18 NYCRR 360.6 [b] [2] [ii]) to her home. The "speculative inferences" to be gleaned from those documents "do not constitute a substitute for affirmative evidence" *(Matter of Dauer v Perales,* 116 AD2d 573, 575).

We also find that petitioner is entitled to an award of attorney's fees *(Maine v Thiboutot,* 448 US 1; *Matter of Johnson v Blum,* 58 NY2d 454; *Matter of Holley v Blum,* 75 AD2d 998; *Matter of Ashley v Curtis,* 67 AD2d 828; *see also, Matter of Martin v Blum,* 87 AD2d 688, *revd on other grounds* 61 NY2d 506; *Calkins v Blum,* 511 F Supp 1073, 1102).

The matter is remitted to Supreme Court for a determination of the reasonable amount of attorney's fees to be awarded. (Article 78 proceeding transferred by order of Supreme Court, Onondaga County, Lynch, J.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.