■ WALTER WISZNIEWSKI, as Administrator of the Estate of MARY WISZNIEWSKI, Deceased, Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents██

Initially, we note that the court erred in deciding the

substantial evidence question instead of transferring the petition to this court (CPLR 7804 [g]). Nevertheless, we may treat the matter as though it had been properly transferred *(Matter of King v McMickens,* 120 AD2d 351, *affd* 69 NY2d 840). The denial of benefits was arbitrary and capricious because it was inconsistent with respondents' own regulations. 18 NYCRR 360.6 (b) (1) provides that an applicant's home is exempt if he or she is temporarily absent therefrom. Hospitalization or placement in a nursing home constitutes temporary absence if "the client intends to return home when the purpose of the visit is completed" unless "it is established by medical evidence that the person will not be able to return to the home" (18 NYCRR 360.6 [b] [1]). The agency may deny exemption only if the agency has medical verification that the client will be unable to return to such homestead *(see,* 18 NYCRR 360.6 [b] [2] [ii]). Since the agency had no "medical verification" that the patient would not be able to return home, it erred in denying exempt status to her home *(see, Matter of Palmer v New York State Dept. of Social Servs.,* 125 AD2d 977, 978; *Matter of Dauer v Perales,* 116 AD2d 573, 574).

Moreover, the agency acted arbitrarily and capriciously in refusing to consider the physician's letter which it had requested when such letter was produced prior to the fair hearing. Similarly, the Hearing Officer erred in refusing to receive the letter into evidence at the fair hearing based on respondents' objection that it was irrelevant.

Finally, the Commissioner erred in adhering to the initial determination following the fair hearing. It was the agency's burden to establish by substantial evidence that its denial of benefits was justified *(Matter of Palmer v New York State Dept. of Social Servs., supra).* That the agency failed to do since it produced no "medical verification" that the patient would be unable to return home *(see, Matter of Palmer v New York State Dept. of Social Servs., supra; Matter of Dauer v Perales, supra,* at 575). The petition must be granted, the determination annulled, and the matter remitted to the county agency to determine the correct amount of medical assistance *((Matter of Dauer v Perales, supra,* at 574). In addition, petitioner is entitled to recover attorney's fees and the matter must be remitted to Supreme Court for determination of the reasonable amount of attorney's fees to be awarded *(Matter of Palmer v New York State Dept. of Social Servs., supra).* (Appeal from judgment of Supreme Court, Onondaga County, Murphy, J.—art 78.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.