■ In the Matter of ELEANOR PAWLOWSKI, on Behalf of ROSE USIATYNSKI, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Determination unanimously annulled on the law with costs, petition granted and matter remitted to Supreme Court, Onondaga County, for further proceedings, all in accordance with the following memorandum: In this CPLR article 78 proceeding, transferred pursuant to CPLR 7804 (g), petitioner seeks to annul the determination of respondent New York State Department of Social Services (DSS) which affirmed the decision of respondent Onondaga County Department of Social Services, after a fair hearing, denying petitioner's application for medical assistance for her mother. The application was denied on the grounds that petitioner's mother had resources in excess of the medical assistance eligibility limits because of the transfer of her home to her daughters without consideration within 24 months prior to the application *(see,* 18 NYCRR 360.8 [a]) based upon respondent's determination that petitioner would not be able to return to her home *(see,* 18 NYCRR 360.6 [b]).

From our review of the record, we find that the agency had no "medical verification" that the petitioner would be unable to return to her home *(see,* 18 NYCRR 360.6 [b] [2] [ii]). Other than speculative inferences to be gleaned from two DMS-1 forms, prepared several months after the property was transferred, the agency presented no medical verification to overcome the presumption in favor of exemption of the homestead in cases where the hospitalized patient intends to return home *(see, Wiszniewski v New York State Dept. of Social Servs.,* 140

AD2d 952, *lv dismissed* 72 NY2d 1003). Petitioner testified at the fair hearing that her mother's stay at an adult proprietary home was intended to be temporary. On this record, the agency did not meet its burden of overcoming the presumption in favor of exemption. Thus, the agency erred in denying exempt status to petitioner's mother's home *(see, Matter of Palmer v New York State Dept. of Social Servs.,* 125 AD2d 977).

Since there is no substantial evidence in the record to support respondents' determination, the petition must be granted, the determination annulled and the matter remitted to the county agency to determine the correct amount of medical assistance *(see, Wiszniewski v New York State Dept. of Social Servs., supra,* at 953; *Matter of Dauer v Perales,* 116 AD2d 573, 574). In addition, petitioner is entitled to recover attorney's fees and the matter is remitted to Supreme Court for determination of the reasonable amount of attorney's fees to be awarded *(see, Wiszniewski v New York State Dept. of Social Servs., supra,* at 953; *Matter of Palmer v New York State Dept. of Social Servs., supra,* at 978). (Article 78 proceeding transferred by order of Supreme Court, Onondaga County, Roy, J.) Present—Callahan, J. P., Doerr, Pine, Balio and Davis, JJ.