■ In the Matter of EFFIE NICHOLSON, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Cortland County) to review a determination of respondent State Department of Social Services denying petitioner's request for 24-hour medical assistance authorization.

Petitioner suffered a stroke in 1986 and, after her stay at a rehabilitation center, filed an application for 24-hour home medical assistance with respondent Cortland County Department of Social Services (hereinafter the County). The County approved personal care services for 11 hours per day and petitioner requested a fair hearing on the denial of 24-hour care. Respondent State Department of Social Services (hereinafter the State) eventually concluded that the matter should have been referred by the County to its medical director for a proper evaluation of petitioner's personal care needs. Thereafter, the County again authorized 11 hours of personal care services per day, this time based on the medical director's decision. Petitioner appealed and, after a second fair hearing, the State upheld the County's determination. This CPLR article 78 proceeding followed and was transferred to this court.

We confirm. A review of the record reveals that the State's determination was supported by substantial evidence *(see, Matter of Bentley v Perales,* 103 AD2d 1005). We reject petitioner's contention that the State's determination lacks the requisite evidentiary basis due to a failure to independently give petitioner a medical examination *(see, Matter of Denise R. v Lavine,* 39 NY2d 279, 282). Petitioner erroneously relies on *Matter of Mobley v Perales* (108 AD2d 690), wherein the State improperly relied on conclusory reports "not based upon personal knowledge" of the petitioner's needs and contrary to the views of the petitioner's doctor and her caseworker, whose opinion was based on "personal visits to [the] petitioner's house" *(supra,* at *690).* The State's determination here is in complete agreement with the opinion of a professional, a public health nurse, who personally visited petitioner to assess her needs. That petitioner's doctor disagreed with the public health professional is of no moment. It is not our province to substitute judgment where an administrator has accepted one

conflicting opinion over another *(see, Matter of Bentley v Perales, supra)*. The record provides substantial evidence to support the State's determination that 11 hours of personal care per day is sufficient to maintain petitioner's health and safety within her own home *(see,* 18 NYCRR 505.14).

Accordingly, we need not reach the issue of counsel fees pursuant to 42 USC § 1988.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Mercure and Harvey, JJ., concur.