■ In the Matter of JUDY MARION, Petitioner, v ANNE G. BALCH, as Commissioner of the Schuyler County Department of Social Services, et al., Respondents. [676 NYS2d 712] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Schuyler County) to review a determination of respondent State Commissioner of Health which denied petitioner's application for personal care services under the Medicaid program.

Petitioner, a Medicaid recipient, suffers from bipolar disorder. Her treating psychiatrist, William Longaker, made a recommendation that Medicaid supply petitioner with level I personal care services consisting of approximately 4 to 6 hours

---

of housekeeping help each week.* Following a home study, Pamela Carlucci, a registered nurse for the State Department of Health, noted that petitioner was already performing all of the requested services and concluded that "sending an aide in to do [petitioner's] household chores is not therapeutically appropriate". The Schuyler County Department of Social Services concurred in Carlucci's assessment and, upon administrative review, Joseph Guy, Schuyler County's local professional director, denied petitioner's request for personal care services. Following a fair hearing, respondent State Commissioner of Health concluded that the Schuyler County Department of Social Services conducted a valid, thorough assessment of petitioner's need for personal care services, providing a rational basis for the determination that such care was not medically necessary and essential to petitioner's health and safety in her home, and that petitioner had failed to establish that the determination was arbitrary and capricious. Petitioner then brought this CPLR article 78 proceeding to challenge the Commissioner's determination. Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

In our view, the Commissioner's determination was supported by substantial evidence in the record (*see, Matter of Nicholson v New York State Dept. of Social Servs.*, 155 AD2d 759, *lv denied* 75 NY2d 707). Petitioner's contrary contention appears to be premised on the invalid assumption that, in the absence of opposing opinion by a licensed physician practicing psychiatry, Longaker's recommendation was conclusive on the question of petitioner's need for level I personal care services. In fact, although the controlling regulatory scheme requires that a recipient's request for personal care services be supported by a physician's recommendation (18 NYCRR 505.14 [b] [2] [i]; [3] [i]), social, nursing and fiscal assessments are also necessary (18 NYCRR 505.14 [b] [2] [ii], [iii], [vi]; [3] [ii], [iii], [vi]). Furthermore, in a case where the social, nursing or fiscal assessments contradict the physician's recommendation, the regulations provide for an independent medical review by the local professional director, as was done here, or by a physician designated by the local professional director or under contract with the local services agency, who makes the final determination as to the level and amount of care to be provided (18 NYCRR 505.14 [b] [4] [i], [ii]). There is no legal requirement

---

* The level I support functions sought by petitioner consisted of assistance with making and changing beds, dusting and vacuuming, light cleaning of the kitchen, bedroom and bathroom, dishwashing and laundering (*see*, 18 NYCRR 505.14 [a] [6] [i] [a]).

that the local professional director be a physician. In fact, personal care services assessments "involve more than medical determinations, and a social services agency is entitled to rely upon the views of its personnel, even in the face of conflicting medical evidence" (*Kuppersmith v Dowling*, 246 AD2d 473, 474; *see, Matter of Nicholson v New York State Dept. of Social Servs., supra*).

In our view, the evidence adduced at the fair hearing provided abundant factual support for the conclusion that the requested personal care services were not medically necessary (*see*, 18 NYCRR 505.14 [a] [4]). Carlucci's hearing testimony, largely corroborated by petitioner, established that since a February 1996 hospitalization, petitioner, who suffers no physical disability, has been performing all of her housekeeping chores by herself, including washing the dishes, doing the laundry, preparing meals, grocery shopping and running errands. In fact, petitioner expressed an unwillingness to burden her own teenage daughters with any household chores, feeling that she wanted to "free up their lives". Carlucci's home assessment showed that petitioner's home was clean, although somewhat cluttered, and that household chores were being satisfactorily performed. For her part, petitioner acknowledged her ability to perform necessary household tasks, but indicated that the requested services would give her time to unpack boxes, sort through papers and otherwise deal with the clutter in her home. Significantly, although petitioner is undoubtedly frustrated by her inability to organize her home, the record shows that her current problems with respect to "clutter" are no different from those that existed from 1992 to 1995 when she was receiving personal care services.

Petitioner's remaining contentions are either unpreserved or have been considered and found to be lacking in merit.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.