In the Matter of OPHELIA INGLESE, Petitioner, v NIRAV SHAH, M.D., Commissioner, New York State Department of Health, et al., Respondents. [993 NYS2d 155]—

Proceeding pursuant to CPLR article 78 to review a determination of a designee of the Commissioner of the New York State Department of Health dated November 21, 2011, which, after a hearing, affirmed a determination of the Westchester County Department of Social Services dated April 8, 2011, denying the application of Ophelia Inglese for Medicaid benefits for the period from December 1, 2010, until January 26, 2011.

Adjudged that the petition is denied and the proceeding is dismissed insofar asserted against the respondent Kevin M. McGuire, Commissioner of the Westchester County Department of Social Services; and it is further,

Adjudged that the petition is granted insofar as asserted against the respondent Nirav R. Shah, M.D., Commissioner of the New York State Department of Health, on the law, the determination dated November 21, 2011, is annulled, that respondent is directed to provide Ophelia Inglese with retroactive medical assistance benefits for the period from December 10, 2010, until January 26, 2011, and the matter is remitted to that respondent for the calculation forthwith of the amount of retroactive benefits due and owing and the payment thereof to the petitioner immediately thereafter; and it is further,

Ordered that one bill of costs is awarded to the petitioner, payable by the respondent Nirav R. Shah, M.D., Commissioner of the New York State Department of Health.

The determination of the New York State Department of Health (hereinafter the NYSDOH) after a fair hearing is final and binding on county and municipal social service agencies, which must comply with that determination (*see* 18 NYCRR 358-6.1 [b]). Accordingly, the proceeding must be dismissed insofar as asserted against Kevin M. McGuire, Commissioner of the Westchester County Department of Social Services (herein-

after the WCDSS), since he is not a proper party to this proceeding (see *Matter of Loiacono v Demarzo*, 72 AD3d 969 [2010]; *Matter of Baker v Mahon*, 72 AD3d 811 [2010]).

The issue in this case is whether the NYSDOH properly affirmed the determination of the WCDSS, which concluded that the petitioner was ineligible for Medicaid benefits "on the ground[ ] that the petitioner's household had non-exempt resources (i.e., her homestead) which exceed the applicable medical assistance resource levels." There is no dispute that if the value of the homestead had not been deemed a countable resource, the petitioner's assets would have been below the relevant income threshold for Medicaid eligibility.

We note that the issue presented involves a question of law only, and does not involve a substantial evidence question (see CPLR 7803 [4]). Thus, the Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g). "However, in the interest of judicial economy, this Court may retain jurisdiction and determine the issue raised on the merits" (*Matter of Baker v Mahon*, 72 AD3d at 812-813).

In November 2010, the petitioner, Ophelia Inglese, was a resident in a Westchester County nursing home. On November 30, 2010, the petitioner's daughter, in her capacity as attorney-in-fact for the petitioner, executed a "Statement of Intent to Return Home" on behalf of the petitioner. This document stated that the petitioner intended to return to her Bronxville home, a cooperative apartment, "upon completion of rehabilitation at the St. Cabrini Nursing Home." On January 27, 2011, the petitioner entered into a contract to sell her home and, on March 10, 2011, the closing of that transaction took place. On March 31, 2011, the petitioner submitted an application to the WCDSS for Medicaid benefits, retroactive to December 1, 2010. The application reflected that the petitioner's home had been sold. As indicated, the WCDSS deemed the value of the petitioner's cooperative apartment as a countable resource in determining her eligibility for Medicaid benefits, and denied the application.

The petitioner then requested and received a fair hearing before the NYSDOH. At the hearing, the petitioner argued that the fact that she entered into a contract on January 27, 2011, to sell her home was irrelevant to WCDSS's financial analysis, because the November 30, 2010, statement reflected that the petitioner had expressed in writing her intent to return to her home. Thus, the petitioner contended that she was entitled to Medicaid benefits from the first retroactive date of her application until January 26, 2011, when the contract of sale for the

relevant shares of the cooperative corporation was executed. In its decision after the hearing, the NYSDOH affirmed the denial of Medicaid benefits, concluding that "the contract of sale and sale of the house [sic] . . . negate[d] the [petitioner's] intent to return home for the entire three month period prior to the application for [Medicaid]; [and] while the [petitioner] might still return to the community, the homestead became a countable resource for the entire period in question." In March 2012, the petitioner commenced this CPLR article 78 proceeding, seeking annulment of the NYSDOH's determination. Under the facts of this case, we agree that the petitioner is entitled to Medicaid benefits for the period requested in her petition.

"For purposes of eligibility for Medicaid [benefits], the government considers the amount of an individual's 'assets,' defined as 'all income and resources of the individual and of the individual's spouse, including any income or resources which the individual or such individual's spouse is entitled to but does not receive because of action . . . by the individual or such individual's spouse' (42 USC § 1396p [h] [1]; see Social Services Law § 366 [5] [d] [1]). If the individual's financial assets fall below a certain income level, he or she becomes eligible for Medicaid benefits" (*Matter of Jennings v Commissioner, N.Y.S. Dept. of Social Servs.*, 71 AD3d 98, 104 [2010]; see *Matter of Jason B. v Novello*, 12 NY3d 107, 109 [2009]; *Matter of Tomeck*, 8 NY3d 724, 727-728 [2007]). Pursuant to the Medicaid Reference Guide (hereinafter the MRG), published by the NYSDOH, when a Supplemental Security Income-related applicant is "requesting Medicaid coverage for the three month retroactive period . . . *the value and availability of the applicant's resources are determined as of the first day of the month for each month that applicant is seeking Medicaid coverage*" (emphasis added). The MRG also provides that an applicant's homestead, i.e., primary residence, is an exempt resource for purposes of determining Medicaid eligibility despite the fact that the applicant is temporarily absent therefrom, if the applicant "indicates an intent to return" to the home. Pursuant to 18 NYCRR 360-4.7 (a) (1), a person who is 65 or older loses the homestead exemption if he or she moves out of the home "without the intent to return." In determining such intent, "the proper standard to be applied is a subjective 'intent' standard and not an objective 'expectations' standard" (*Anna W. v Bane*, 863 F Supp 125, 130 [1993]). There is a "presumption in favor of [the homestead] exemption" in cases where a hospitalized Medicaid applicant intends to return home (*Matter of Pawlowski v New York State Dept. of Social Servs.*, 147 AD2d 953, 954 [1989]; see *Wiszniewski v New York State Dept. of Social Servs.*, 140 AD2d 952 [1988]).

In light of the above, when the petitioner submitted her application for Medicaid benefits to the WCDSS seeking benefits retroactive to December 1, 2010, it was incumbent upon the WCDSS to evaluate her available resources on three different dates: December 1, 2010, January 1, 2011, and February 1, 2011. The petitioner does not dispute that her homestead was properly included as a countable resource with respect to the "snapshot" of her assets as of February 1, 2011, since at that time she had already contracted to sell the homestead. However, it was error to include that resource as of December 1, 2010, and January 1, 2011. In light of the petitioner's November 30, 2010, "statement of intent to return home," the mere existence of the January 26, 2011, contract of sale did not overcome the presumption in favor of recognizing the homestead exemption, nor did the existence of the contract establish that the petitioner did not intend to return home for the period in question (see 18 NYCRR 360-4.7 [a] [1]; *Anna W. v Bane,* 863 F Supp at 129-130; see also *Matter of Pawlowski v New York State Dept. of Social Servs.,* 147 AD2d at 954; *Wiszniewski v New York State Dept. of Social Servs.,* 140 AD2d at 953). While it may very well be that the petitioner's home was listed for sale prior to the execution of the contract of sale, no evidence was adduced at the fair hearing as to the precise date on which the home was listed for sale and, thus, the petitioner's intent to return was determinative of that issue, at least until the contract of sale was executed. Consequently, as of December 1, 2010, and as of January 1, 2011, the petitioner, in connection with the determination of the her eligibility for Medicaid benefits, was entitled to have her home excluded from her available resources under the Medicaid homestead exemption. Thus, the petitioner was eligible for Medicaid benefits for this period.

Finally, contrary to the contention of the NYSDOH, our conclusion is not contrary to Medicaid regulations, and does not result in a windfall to the petitioner, despite the fact that the NYSDOH will not be able to recover benefit payments for the subject period pursuant to a lien on the shares of the relevant residential cooperative corporation (see Social Services Law § 369 [2] [a] [ii]; 18 NYCRR 360-7.11 [a] [3]). As the petitioner has acknowledged, her execution of the contract of sale negated her statement of intent to return home as of January 26, 2011. Therefore, while the petitioner is entitled to Medicaid benefits for the finite subject period, the proceeds of her home sale rendered her ineligible for Medicaid until she once again met eligibility requirements, which occurred in August 2011, when her second Medicaid application was approved.

Accordingly, for the above reasons, we grant the petition

insofar as asserted against Shah, and direct the NYSDOH to provide the petitioner with retroactive medical assistance benefits for the period from December 10, 2010, until January 26, 2011. Dillon, J.P., Leventhal, Sgroi and Maltese, JJ., concur.