Matter of Rovinsky v Zucker (2018 NY Slip Op 07026)





Matter of Rovinsky v Zucker


2018 NY Slip Op 07026


Decided on October 18, 2018


Appellate Division, Third Department


McCarthy, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018

526170

[*1]In the Matter of HILLARY ROVINSKY, Petitioner,
v
HOWARD A. ZUCKER, as Commissioner of Health, et al., Respondents.

Calendar Date: September 12, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Shelly Tsai, Legal Services of Central New York, Syracuse, for petitioner.
Barbara D. Underwood, Attorney General, Albany (Laura Etlinger of counsel), for respondents.



OPINION AND JUDGMENT
McCarthy, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Delaware County) to review a determination of respondent Commissioner of Health denying petitioner's request for approval of osseous surgery.
Petitioner is a Medicaid recipient whose benefits are provided through Fidelis Care. Treatments she received for cancer affected her mouth, causing her to experience acute oral pain and bone loss to her jaw. A periodontist requested prior approval for various dental procedures, including osseous surgery to reshape her jawbones. Fidelis authorized other procedures but denied the osseous surgery, concluding that it was not a covered service under Medicaid. Petitioner submitted a request for reconsideration, including a letter of medical necessity from her oncologist. Fidelis again denied the request. Petitioner requested a fair hearing to challenge the denial. Following the hearing, a designee of respondent Commissioner of Health issued a determination upholding the decision to deny coverage for osseous surgery. Petitioner commenced this proceeding to annul the Commissioner's determination. After joinder of issue, Supreme Court transferred the proceeding to this Court (see CPLR 7804 [g]).
Initially, because the petition did not raise a substantial evidence question but presented only a question of law, Supreme Court improperly transferred the proceeding to this Court (see CPLR 7804 [g]; Matter of Inglese v Shah, 121 AD3d 688, 689 [2014])[FN1]. Nevertheless, in the interest of judicial economy, we will retain jurisdiction and address the merits (see e.g. Matter of [*2]Reyes v Annucci, 150 AD3d 1373, 1374 n [2017], lv denied 29 NY3d 918 [2017]; Matter of Inglese v Shah, 121 AD3d at 689).
Contrary to petitioner's arguments, respondents were not limited to the "medical necessity" standard. Petitioner bore the burden of proving that she was entitled to the requested services under Medicaid (see 18 NYCRR 513.3 [a]; see also Matter of Whittier Health Servs., Inc. v Pospesel, 133 AD3d 1176, 1177-1178 [2015]). Although a recipient of Medicaid benefits must establish that a requested medical service or supply is medically necessary (see 18 NYCRR 513.3 [a]; see also 18 NYCRR 513.6 [a] [3]; see generally Matter of Layer v Novello, 17 AD3d 1123, 1125 [2005]; Matter of Marion v Balch, 252 AD2d 915, 917 [1998]; Matter of Johnson v Wing, 237 AD2d 960, 960 [1997]), Medicaid does not cover every medically necessary procedure; "medical necessity and coverage are distinct concepts" (DeSario v Thomas, 139 F3d 80, 93 [2d Cir 1998] ["for Medicaid payment to be proper, the item or service furnished must be both covered and medically necessary"], judgment vacated on different grounds sub nom. Slekis v Thomas, 525 US 1098 [1999]). A "medical necessity" analysis is only required and relevant when the requested procedure is covered in the first place. Thus, the initial question is whether osseous surgery is covered by New York's Medicaid program.
Pursuant to statute, Medicaid "[s]tandard [c]overage" includes, as relevant here, "payment of part or all of the cost of medically necessary . . . dental . . . care . . . as authorized in [Social Services Law title 11] or the regulations of the department, which [is] necessary to prevent, diagnose, correct or cure conditions in the person that cause acute suffering [or] . . . interfere with such person's capacity for normal activity . . . and which [is] furnished an eligible person in accordance with [Social Services Law title 11] and the regulations" (Social Services Law § 365-a [2]). As to the scope of authorized dental care, Medicaid covers only "preventive, prophylactic and other routine dental care, services and supplies" (Social Services Law § 365-a [2] [f]; 18 NYCRR 506.2 [a]), which, under the governing regulations, means "services
. . . deemed essential to maintain an adequate level of dental health" (18 NYCRR 506.2 [b] [emphasis added]).
The regulations require that the Department of Health (hereinafter DOH) base its determinations of requests for prior approval on, among other things, the Department of Social Services (hereinafter DSS) regulations and DOH's "written guidelines" (18 NYCRR 513.6 [b]; 513.7 [b]). The DSS regulations set forth a nonexhaustive list of dental services that have been deemed essential (see 18 NYCRR 506.2 [b] [1]-[11]). Neither osseous surgery nor any other type of periodontal surgery is included on that list [FN2]. One more general listed category that could apply to petitioner's situation is "dental services required for emergency care and/or the relief of pain or acute infection" (18 NYCRR 506.2 [b] [1]). Indeed, the record contains information indicating that petitioner experiences pain to the point that she is unable to eat, causing her to lose weight to an unhealthy degree.
One set of the DOH written guidelines that is relevant here is the state's Medicaid Program Dental Policy and Procedure Code Manual (hereinafter the Medicaid dental manual). Similar to the regulations, the Medicaid dental manual states that Medicaid's dental benefits cover only "essential services rather than comprehensive care," and advises providers to use the manual "to determine when the Medicaid program considers dental services 'essential.'" A portion of the Medicaid dental manual lists procedure billing codes for dental services covered by the state Medicaid program. Under the heading for periodontics, codes are provided for nonsurgical periodontal services and for the surgical services of only gingivectomy or [*3]gingivoplasty, each of which is a surgery performed on the gums. The Medicaid dental manual also contains a list of dental services that are expressly excluded from the scope of the Medicaid program and, thus, cannot be considered essential services. That list includes "[p]eriodontal surgery" (with an exception, not applicable to petitioner, for gingivectomy or gingivoplasty under certain circumstances).[FN3]
On this record, it is unclear whether there is a conflict between the DSS regulations and the DOH written guidelines. While it is more general, the regulation requires approval of the requested treatment if it will relieve petitioner's pain (see 18 NYCRR 506.2 [b] [1]). On the other hand, the Medicaid dental manual — a written guideline created by DOH — expressly excludes periodontal surgery from coverage, without regard to whether it will alleviate a patient's pain. Although the regulations addressing evaluations and determinations of requests for prior approval require DOH to base its determinations on, among other things, both the regulations and its own written guidelines (see 18 NYCRR 513.6 [b]; 513.7 [b]), the regulations do not address a situation in which the two are inconsistent. Generally, a duly promulgated regulation is binding on the agency and anyone else who may be affected (see Matter of Frick v Bahou, 56 NY2d 777, 778 [1982]), whereas an agency's guidelines do not carry the same authoritative force as regulations (see Burroughs v Hills, 741 F2d 1525, 1529 [7th Cir 1984] [agency handbook is not binding, but is entitled to notice as "an official interpretation of statutes and regulations with which it is not in conflict"], cert denied 471 US 1099 [1985]). Indeed, if guidelines conflict with a regulation, the regulation prevails (see New York Coalition for Quality Assisted Living, Inc. v MFY Legal Servs., Inc., 17 NY3d 886, 888 [2011]). Therefore, despite the Medicaid dental manual's exclusion of periodontal surgery, a request for osseous surgery must be approved if the surgery is deemed an essential service under the regulations.
The Commissioner committed an error of law when he determined, based on the Medicaid dental manual and without recognizing a potential conflict between the manual and the regulations, that osseous surgery cannot be a covered service under Medicaid. Due to this error, respondents did not reach other issues. Specifically, there was no determination as to whether petitioner established that her request for prior approval of that surgery should be granted pursuant to the regulation as a "dental service[] required for . . . the relief of pain" (18 NYCRR 506.2 [b] [1]). If she did not meet her burden, there is no conflict between the regulation and guidelines, so the Medicaid dental manual would prevent approval of the surgery. If petitioner did establish that the surgery is required to relieve her pain (which would, perforce, mean that the surgery was medically necessary), the regulations would prevail and the Commissioner must approve the surgery as covered by Medicaid. Because this issue requires factual findings and falls within DOH's expertise, it should be decided by the agency in the first instance (see Matter of Hudson Riv. Val., LLC v Empire Zone Designation Bd., 115 AD3d 1035, 1038 [2014]). Accordingly, we remit for the Commissioner to render a determination on this issue.[FN4]
Garry, P.J., Lynch, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent Commissioner of Health for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: We note that respondents asked Supreme Court to transfer the proceeding but, in this Court, respondents concede that the proceeding should not have been transferred.

Footnote 2: Although petitioner argues that the Commissioner failed to make a factual finding that osseous surgery is a type of periodontal surgery, this argument is unpreserved because petitioner did not raise it in her petition (see Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d 970, 974 [2016], appeal dismissed 28 NY3d 1051 [2016], lv denied 29 NY3d 907 [2017]; Matter of McFadden v Bezio, 92 AD3d 988, 989 [2012]).

Footnote 3: There is no merit to petitioner's contention that the Commissioner should have applied the provision of the Medicaid dental manual that allows payment for an essential service even if a specified code is not listed in the fee schedule, as the Medicaid dental manual's list of exclusions expressly states that periodontal surgery is not an essential service.

Footnote 4: With their answer in this proceeding, respondents submitted the affirmation of DOH's Medicaid dental director, opining on, among other things, the medical necessity of osseous surgery for petitioner. That affirmation is not properly before us, as it was not presented at the hearing nor otherwise before the Commissioner at the time that the underlying determination was rendered. Neither that affirmation nor any additional information should be considered upon remittal, which is solely for respondents to make a determination based upon the record that was created at the original hearing.